| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| James F. Lewin (SBN 140268)<br>Renee M. Parker (SBN 256851)<br>THE MORTGAGE LAW FIRM, PLC<br>27455 Tierra Alta Way, Ste. B<br>Temecula, CA 92590<br>Telephone: (619) 465-8200<br>Facsimile:  (951) 308-0055<br>James.Lewin@mtglawfirm.com<br>TMLF File No. 140332<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* |  |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>Salvador Mosqueda,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 1:18-bk-11531-MB<br><br>CHAPTER: 7 |
|---|---|
|  | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
|  | DATE: 07/18/2018<br>TIME:  10:00 a.m.<br>COURTROOM: 303 |

| **Movant:** | Wells Fargo Bank, N.A., as Trustee for the Holders of the BEAR STEARNS ARM Trust, Mortgage Pass-Through Certificates, Series 2007-5 |
|---|---|

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012     ☐ 411 West Fourth Street, Santa Ana, CA 92701

   ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367     ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 06/22/2018

THE MORTGAGE LAW FIRM, PLC
_____
Printed name of law firm (if applicable)

James F. Lewin
_____
Printed name of individual Movant or attorney for Movant


/s/ James F. Lewin
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   a. Address:

   *Street address*: 5554 SEDAN AVENUE (WOODLAND HILLS AREA)
   *Unit/suite number*:
   *City, state, zip code*: LOS ANGELES, CALIFORNIA 91367

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit  B    ):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter  ☒ 7 ☐ 11 ☐ 12 ☐ 13
   was filed on (*date*)  06/18/2018 .

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12 ☐ 13  was entered on (*date*) _____.

   c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☒ Movant's interest in the Property is not adequately protected.

      (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

      (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

      (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☒ The bankruptcy case was filed in bad faith.

      (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

      (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

      (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

      (D) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

      (E) ☒ The Debtor filed only a few case commencement documents with the bankruptcy petition.  Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

      (F) ☒ Other (*see attached continuation page*).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                     Page 3                                     **F 4001-1.RFS.RP.MOTION**

(3) ☐ *(Chapter 12 or 13 cases only)*

    (A) ☐ All payments on account of the Property are being made through the plan.
        ☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____,
    which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1) ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

(2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other *(specify)*:

6. **Evidence in Support of Motion: (D***eclaration(s) MUST be signed under penalty of perjury and attached to this motion***)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☒ Other:
    see attached continuation page.

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                  Page 4                  **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☒ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date:  06/22/2018

THE MORTGAGE LAW FIRM, PLC
_____
Printed name of law firm (*if applicable*)
James F. Lewin
_____
Printed name of individual Movant or attorney for Movant

/s/ James F. Lewin
_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                              Page 5                              **F 4001-1.RFS.RP.MOTION**

## REAL PROPERTY DECLARATION

I, (print name of Declarant) _____ Shane Ellis _____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (specify):

   a. ☐ I am the Movant.

   b. ☐ I am employed by Movant as (state title and capacity):

   c. ☒ Other (specify): I am employed as a(n) __Assistant Vice President__ Specialized Loan Servicing LLC ("SLS"), and am authorized to sign and attest to the facts set forth in this Declaration on behalf of SLS, as servicer for Movant, Wells Fargo Bank, N.A., as Trustee for the Holders of the BEAR STEARNS ARM Trust, Mortgage Pass-Through Certificates, Series 2007-5, pursuant to my oversight of the loan and my review of SLS' relevant business records.

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached):

3. The Movant is:

   a. ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit __A__.

   b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit __B&C__.

   c. ☐ Servicing agent authorized to act on behalf of the:
      ☐ Holder.
      ☐ Beneficiary.

   d. ☐ Other (specify):

4. a. The address of the Property is:

      Street address: 5554 SEDAN AVENUE (WOODLAND HILLS AREA)
      Unit/suite no.:
      City, state, zip code: LOS ANGELES, CALIFORNIA 91367

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
      Document No. 20071214422, Los Angeles County, California; Exhibit B.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                Page 6                          F 4001-1.RFS.RP.MOTION

5. Type of property (*check all applicable boxes*):

   a. ☒ Debtor's principal residence        b. ☐ Other residence
   c. ☐ Multi-unit residential              d. ☐ Commercial
   e. ☐ Industrial                          f. ☐ Vacant land
   g. ☐ Other (*specify*):

6. Nature of the Debtor's interest in the Property:

   a. ☐ Sole owner
   b. ☒ Co-owner(s) (*specify*): Salvador Mosqueda and Veronica Mosqueda, Husband and Wife as Joint Tenants
   c. ☐ Lienholder (*specify*):
   d. ☐ Other (*specify*):
   e. ☐ The Debtor ☐ did ☒ did not  list the Property in the Debtor's schedules.
   f. ☐ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed.
      The deed was recorded on (*date*) _____.

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (*specify*) _____
   that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit _B___.
   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
      attached as Exhibit _A___.
   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
      trust to Movant is attached as Exhibit _C___.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $ 551,949.90 |
| b. | Accrued interest: | $ | $ | $ 316,813.63 |
| c. | Late charges | $ | $ | $ |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $ 8,538.44 |
| e. | Advances (property taxes, insurance): | $ | $ | $ 110,806.23 |
| f. | Less suspense account or partial balance paid: | $[           ] | $[           ] | $[9.13         ] |
| g. | TOTAL CLAIM as of 06/21/2018: | $ | $ | $ 988,099.07 |

   h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

   a. Notice of default recorded on (*date*) 02/25/2016  or ☐ none recorded.
   b. Notice of sale recorded on (*date*) 07/05/2016  or ☐ none recorded.
   c. Foreclosure sale originally scheduled for (*date*) 07/27/2016  or ☐ none scheduled.
   d. Foreclosure sale currently scheduled for (*date*) 08/30/2018  or ☐ none scheduled.
   e. Foreclosure sale already held on (*date*) _____ or ☒ none held.
   f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                  Page 7                          F 4001-1.RFS.RP.MOTION

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: $ 3,166.99_____ for the month of June 20 18.

    b. Number of payments that have come due and were not made: 114 . Total amount: $ 467,937.36_____

    c. Future payments due by time of anticipated hearing date (*if applicable*):

       An additional payment of $ 3,166.99_____ will come due on (*date*) 07/01/2018 , and on the 1st__ day of each month thereafter. If the payment is not received within 15___ days of said due date, a late charge of $ N/A_____ will be charged to the loan.

    d. The fair market value of the Property is $_____, established by:

       (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

       (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

       (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

       (4) ☐ Other (*specify*):

    e. **Calculation of equity/equity cushion in Property:**

       Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** $ | | | |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

       (1) ☐ Preliminary title report.

       (2) ☐ Relevant portions of the Debtor's schedules.

       (3) ☐ Other (*specify*):

    g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
       I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

    h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
       By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 8                    **F 4001-1.RFS.RP.MOTION**

i.  ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j.  ☐ The fair market value of the Property is declining because:


12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a.  A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
    A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
    A plan was confirmed on the following date (*if applicable*): _____.

b.  Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c.  Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

d.  Postpetition advances or other charges due but unpaid:                    $
    (*For details of type and amount, see Exhibit _____*)

e.  Attorneys' fees and costs:                                               $
    (*For details of type and amount, see Exhibit _____*)

f.  Less suspense account or partial paid balance:                          $[                    ]

                        TOTAL POSTPETITION DELINQUENCY:                      $

g.  Future payments due by time of anticipated hearing date (*if applicable*): _____.
    An additional payment of $_____ will come due on _____, and on
    the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late
    charge of $_____ will be charged to the loan.

h.  Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how
    applied (if applicable):
        $_____  received on (*date*) _____
        $_____  received on (*date*) _____
        $_____  received on (*date*) _____

i.  ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
        A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
        13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                      Page 9                              **F 4001-1.RFS.RP.MOTION**

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B).  More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property.  A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition    ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☒ The Debtor filed only a few case commencement documents.  Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☒ Other (*specify*):


18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☒ Multiple bankruptcy cases affecting the Property include:

   1. Case name: In re Salvador Mosqueda _____
      Chapter: 13 ___    Case number: 1:08-bk-17907-KT _____
      Date dismissed: 12/07/2009 __    Date discharged: _____    Date filed: 10/10/2009 ____
      Relief from stay regarding the Property ☐ was ☒ was not  granted.

   2. Case name: In re Salvador Mosqueda _____
      Chapter: 7 _____    Case number: 1:10-bk-13335-AA _____
      Date dismissed: _____    Date discharged: 04/15/2011 ___    Date filed: 03/24/2010 ___
      Relief from stay regarding the Property ☐ was ☒ was not  granted.

   3. Case name: In re Salvador Mosqueda _____
      Chapter: 13 ___    Case number: 1:14-bk-14557-MT _____
      Date dismissed: 10/24/2014 ___    Date discharged: _____    Date filed: 10/06/2014 ___
      Relief from stay regarding the Property ☐ was ☒ was not  granted.

   ☒ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                      Page 10                          **F 4001-1.RFS.RP.MOTION**

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/22/18 | Shane Ellis | |
|---|---|---|
| Date | Printed name | Signature |

Assistant Vice President

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                  Page 11                      F 4001-1.RFS.RP.MOTION

<u>**CONTINUATION PAGE**</u>:

**Motion:  4.a.(2)(F) and 6.d.**

**Real Property Declaration:  17.d., 18. a. and b.**

<u>**Jurisdiction**</u>

In the case of In re Aheong, 276 B.R. 233 (9th Cir. BAP 2002), the Bankruptcy Appellate Panel ("Panel) for the Ninth Circuit considered whether a bankruptcy court has jurisdiction to rule upon a Motion to Annul the Automatic Stay following the dismissal of a Debtor's bankruptcy case.  The Panel ruled that "the Motion to Annul Stay arose under Section 362(d) and therefore commenced a civil proceeding 'arising under' title 11 within the meaning of section 1334(b)."  Id. at 243.  The Panel further stated that "arising under' jurisdiction does not depend on the present existence of an open case or a non-dismissed case.  It depends solely on the existence of "civil proceedings arising under title 11."  Id. at 244.  Upon examination of the plain language, the relevant case law, and the legislative history of Section 1334, the Panel concluded that "Section 1334(b)'s phrase "all civil proceedings arising under title 11" is not limited to causes of action under title 11, but includes proceeding based on a "right" under title 11."  Id. at 245.

Therefore, pursuant to Section 1334(b) and the Aheong case holding, in the event this case is dismissed prior to the hearing on Movant's motion, Movant respectfully requests that the Court exercise post-dismissal jurisdiction over Movant's Motion For In Rem Relief from the Automatic Stay.

<u>**Basis for Relief and Grounds Establishing 362(d)(4) Bad Faith Relief:**</u>

SALVADOR MOSQUEDA and VERONICA MOSQUEDA, the Borrowers under the subject Note and Deed of Trust ("Borrowers") have not made payments to Movant and have caused multiple bankruptcies to be filed and Grant Deeds to be recorded in order to hinder, delay and defraud Movant of its ownership and/or other interest in the Property without the consent of Movant or court approval.

On or about 05/09/2007, Borrowers executed a promissory note in the original principal amount of $552,000.00 (the "Note") which was made payable to the order of Liberty Lending Inc. ("Movant").  A true and correct copy of the Note is filed concurrently herewith as **Exhibit A** and incorporated herein by reference.  Movant is in possession of the original Note.

The Note is secured by a deed of trust (the "Deed of Trust") executed by SALVADOR MOSQUEDA and VERONICA MOSQUEDA encumbering the real property located at 5554 SEDAN AVENUE (WOODLAND HILLS AREA) LOS ANGELES, CALIFORNIA 91367 ("Property").  The Deed of Trust reflects that it was duly recorded.  A true and correct copy of the Deed of Trust is filed concurrently herewith as **Exhibit B** and incorporated herein by reference.  Pursuant to the Deed of Trust, attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note.

The Deed of Trust was assigned to Movant.  A true and correct copy of the Assignment is filed concurrently herewith as **Exhibit C** and incorporated herein by reference.

Borrowers have defaulted under the terms of the Note and Deed of Trust by failing to make the monthly mortgage payments due to Movant thereunder.  On or about 02/25/2016, Movant caused a Notice of Default ("NOD") to be recorded on title to the Property.  A true and correct copy of the NOD is attached hereto as **Exhibit D** and is incorporated herein by reference as though set forth in full.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

On 10/10/2008, Borrowers SALVADOR MOSQUEDA ("Debtor") filed a voluntary petition under Title 11, Chapter 13 of the United States Code for the Central District of California, Los Angeles Division, as Case No. 1:08-bk-17907-KT ("Bankruptcy Action 1"). On 12/07/2009, Debtor was discharged in Bankruptcy Action 1. A true and correct copy of the Docket Report for Bankruptcy Action 1 is attached hereto as **Exhibit E** and is incorporated herein by reference as though set forth in full.

On 03/24/2010, Debtor SALVADOR MOSQUEDA filed a voluntary petition under Title 11, Chapter 7 of the United States Code for the Central District of California, Los Angeles Division, as Case No. 1:10-bk-13335-AA ("Bankruptcy Action 2"). On 04/15/2011, Debtor was discharged in Bankruptcy Action 2. A true and correct copy of the Docket Report for Bankruptcy Action 2 is attached hereto as **Exhibit F** and is incorporated herein by reference as though set forth in full.

On 10/06/2014, Debtor SALVADOR MOSQUEDA filed a voluntary petition under Title 11, Chapter 13 of the United States Code for the Central District of California, Los Angeles Division, as Case No. 1:14-bk-14557-MT ("Bankruptcy Action 3"). Debtor filed only a few case commencement documents, and Schedules and a statement of financial affairs or chapter 13 plan were not filed. On 10/24/2014, Bankruptcy Action 3 was dismissed for Failure to Appear at a hearing on the Order Setting Status Conference (1) Directing Compliance with Applicable Law; and (2) Requiring Debtor(s) to explain why this Case Should not be Converted or Dismissed with 180-Day Bar to Refiling, pursuant to 11 U.S.C. §105(d)(1). A true and correct copy of the Docket Report and Order Dismissing Bankruptcy Case with 180-Day Bar to Refiling for Bankruptcy Action 3 is attached hereto as **Exhibit G** and is incorporated herein by reference as though set forth in full.

On 11/17/2014, Debtor SALVADOR MOSQUEDA filed a voluntary petition under Title 11, Chapter 13 of the United States Code for the Central District of California, Los Angeles Division, as Case No. 1:14-bk-15171-VK ("Bankruptcy Action 4"). Debtor filed only a few case commencement documents, and Schedules and a statement of financial affairs or chapter 13 plan were not filed. On 12/26/2014, Bankruptcy Action 4 was dismissed in accordance with prior 180-Day Bar to Refiling, pursuant to 11 U.S.C. §105(d)(1). A true and correct copy of the Docket Report and Order Dismissing Bankruptcy Case with 180-Day Bar to Refiling for Bankruptcy Action 4 is attached hereto as **Exhibit H** and is incorporated herein by reference as though set forth in full.

On 07/02/2015, Debtor SALVADOR MOSQUEDA filed a voluntary petition under Title 11, Chapter 13 of the United States Code for the Central District of California, Los Angeles Division, as Case No. 1:15-bk-12287-VK ("Bankruptcy Action 5"). Debtor filed only a few case commencement documents, and Schedules and a statement of financial affairs or chapter 13 plan were not filed. On 07/22/2015, Bankruptcy Action 5 was dismissed for Failure to File Information. A true and correct copy of the Docket Report for Bankruptcy Action 5 is attached hereto as **Exhibit I** and is incorporated herein by reference as though set forth in full.

On 07/27/2016, Debtor SALVADOR MOSQUEDA filed a voluntary petition under Title 11, Chapter 7 of the United States Code for the Central District of California, Los Angeles Division, as Case No. 1:16-bk-12156-VK ("Bankruptcy Action 6"). Debtor filed only a few case commencement documents, and Schedules and a statement of financial affairs or chapter 13 plan were not filed. On 09/19/2016, Bankruptcy Action 6 was dismissed for Abuse. A true and correct copy of the Docket Report for Bankruptcy Action 6 is attached hereto as **Exhibit J** and is incorporated herein by reference as though set forth in full.

On 02/14/2017, Debtor SALVADOR MOSQUEDA filed a voluntary petition under Title 11, Chapter 7 of the United States Code for the Central District of California, Los Angeles Division, as Case No. 1:17-bk-10372-MB ("Bankruptcy Action 7"). Debtor filed only a few case commencement documents, and Schedules and a statement of financial affairs or chapter 13 plan were not filed. On 04/10/2017, Bankruptcy Action 7 was dismissed for Abuse with a one-year bar on refiling restriction. A true and correct copy of the Docket Report for Bankruptcy Action 7 is attached hereto as **Exhibit K** and is incorporated herein by reference as though set forth in full.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 11B                          **F 4001-1.RFS.RP.MOTION**

On 03/18/2009, the Borrowers SALVADOR MOSQUEDA and VERONICA MOSQUEDA fraudulently recorded a Quitclaim Deed ("Quitclaim Deed 1") for zero consideration, and purported to transfer an interest in the subject property to SALVADOR MOSQUEDA in order to hinder, delay and defraud Movant. A true and correct copy of Quitclaim Deed 1 is attached hereto as **Exhibit L** and is incorporated herein by reference as though set forth in full.

On 06/27/2017, the Borrower SALVADOR MOSQUEDA, A Married Man as His Sole and Separate Property fraudulently recorded a Quitclaim Deed ("Quitclaim Deed 2") for zero consideration, on the eve of JORGE ALBERTO ROMERO II's filing Bankruptcy Action 8, and purported to transfer an interest in the subject property to SALVADOR MOSQUEDA, A Married Man as His Sole and Separate Property and JORGE ALBERTO ROMERO II in order to hinder, delay and defraud Movant. A true and correct copy of Quitclaim Deed 2 is attached hereto as **Exhibit M** and is incorporated herein by reference as though set forth in full.

On 06/28/2017 JORGE ALBERTO ROMERO II, filed a voluntary petition under Title 11, Chapter 7 of the United States Code for the Central District of California, Los Angeles Division, as Case No. 1:17-bk-11704-VK ("Bankruptcy Action 8"). JORGE ALBERTO ROMERO II filed only a few case commencement documents, and Schedules and a statement of financial affairs or chapter 13 plan were not filed. On 07/17/2017, Bankruptcy Action 8 was dismissed for Failure to File Information. A true and correct copy of the Docket Report for Bankruptcy Action 8 is attached hereto as **Exhibit N** and is incorporated herein by reference as though set forth in full.

On 07/25/2017, SALVADOR MOSQUEDA, JR filed a voluntary petition under Title 11, Chapter 7 of the United States Code for the Central District of California, Los Angeles Division, as Case No. 1:17-bk-11979-VK ("Bankruptcy Action 9"). SALVADOR MOSQUEDA, JR filed only a few case commencement documents, and Schedules and a statement of financial affairs or chapter 13 plan were not filed. On 08/14/2017, Bankruptcy Action 9 was dismissed for Failure to File Information. A true and correct copy of the Docket Report for Bankruptcy Action 9 is attached hereto as **Exhibit O** and is incorporated herein by reference as though set forth in full.

On 06/18/2018, Debtor SALVADOR MOSQUEDA filed the subject voluntary petition under Title 11, Chapter 7 of the United States Code for the Central District of California, Los Angeles Division, as Case No. 1:18-bk-11531-MB ("Bankruptcy Action 10"). This is the **tenth** bankruptcy case filed by a party claiming a purported interest in the subject real property since 10/10/2008. See Real Property Declaration, ¶ 18.

**<u>Movant Is Not Adequately Protected</u>**

Pursuant to the provisions of 11 United States Code sections 361 and 362(d)(1), Movant is entitled to adequate protection of its interest in the Property.

Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

By reason of the foregoing, Movant is entitled to annulment of the stay under 11 United States Code section 362(d)(1).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                   Page 11C                                   **F 4001-1.RFS.RP.MOTION**

**In Rem Relief**

To obtain relief under 11 U.S.C. § 362(d)(4), the Court must find the existence of three elements: 1) that the debtors' bankruptcy was filed as part of a scheme; 2) that the object of the scheme was to delay, hinder and defraud creditors; and 3) that the scheme involved unauthorized transfers of the property and/or multiple bankruptcies affecting the property. 11 U.S.C. § 362(d)(4); First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.), 470 B.R. 864, 870-871 (9th Cir.BAP 2012)).

Because Congress clearly intended to curb abuse of the bankruptcy system by both debtors and related third parties, Courts are further authorized to grant relief under Section 362(d)(4) through this use of its inherent authority set forth in 11 U.S.C. § 105(a) to prevent abuse of this process by the original borrower, debtor or related third parties. H.R. Rep. No. 109-31(l), Part 1 at 70 (2005), 2005 WL 832198, at *138); *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 375 (2007). **In fact, Courts have expanded the scope of relief under Section 362(d)(4) to apply in cases filed by seemingly innocent debtors so long as the bankruptcy is shown to be part of a larger scheme to hinder, defraud and delay the moving party. *In re 4th Street Investors, Inc.* 474 B.R.709, 710 (Bankr. C.D. Cal. June 29, 2012)**.

To prove the bad faith scheme, the moving party need only show that the instant bankruptcy was filed for an intention *other* than what is sanctioned by the Code, *not* intentional abuse by the debtor, ill will or malicious conduct. *In re Southern Calif. Sound Systems, Inc.* 69 BR 893, 901 (BC SD CA 1987). A true measure of bad faith uses the "totality of the circumstances test," which takes into account all facts leading up to the filing of the bankruptcy case. *Matter of Little Creek Develop. Co.*, 779 F2d 1068, 1072 (5th Cir. 1986). If it is obvious that the debtor is attempting to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist. *In re Arnold, supra* (citing *In re Thirteenth Place, Inc.*, 30 B.R. 503, 505 (9th Cir.BAP 1983).

Similarly the court can determine that a case was filed in bad faith based on a pattern of conduct by the parties, and may impute bad faith from the timing and circumstances of filing. *In re Eardley*, No. BAPCC-08-1175 MOMKH, 2009 WL 7809924, at *6 (9th Cir.BAP May 11, 2009) (citing *Eisen v. Curry (In re Eisen),* 14 F.3d 469 (9th Cir.1994)); *In re Craighead*, 377 B.R. 648 (N.D.Cal., 2007). In absence of extraordinary circumstances, successive or serial filings for the purpose of reimposing the automatic stay, particularly when the debtor's purpose is to delay a scheduled foreclosure, should not be viewed with favor by the court. *In re McKissy,* 103 B.R. 189, 192 (Bankr. N.D. IL 1989) (citing *In re Russo,* 94 B.R. 127, 129 (Bankr. N.D. IL 1988).

Here, the Debtor's bankruptcy filing in conjunction with the recordation of the unauthorized quitclaim deeds for zero consideration and numerous bankruptcy filings was part of a scheme to delay and obstruct pending foreclosure proceedings for the Property, and the object of the scheme was to fraudulently prevent foreclosure and thereby delay, hinder and defraud Movant. Finally, the scheme involves both the unauthorized transfer of property and multiple bankruptcy filings.

Given the totality of the circumstances, providing relief to Movant under 11 U.S.C. 362(d)(4) will promote judicial economy and procedural efficiency by avoiding further multiple bankruptcy filings and foreclosure sales. Accordingly, Movant respectfully requests this Court to grant in rem relief from the automatic stay in favor of Movant because a balancing of the relative equities justifies such relief.

**Prayer for Relief:**
It is Movant's contention that absent in rem relief, the Debtor and/or previous debtors, and Borrowers will continue to abuse the bankruptcy court to delay, hinder and defraud the Movant.

Therefore, Movant respectfully requests this court to grant its motion in entirety, with prayer for:

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 11D                            F 4001-1.RFS.RP.MOTION

1.  Relief from the stay under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing;

2.  The Order to be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

3.  Waiver of the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3); and

4.  Any other relief as determined to be appropriate by the Court.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

27455 Tierra Alta Way, Ste. B
Temecula, CA 92590

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
 06/22/2018  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (SV):  ustpregion16.wh.ecf@usdoj.gov
Chapter 7 Trustee, Nancy J Zamora (TR):  zamora3@aol.com; nzamora@ecf.epiqsystems.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 06/22/2018  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Debtor, PRO SE | Borrower | Judge |
| Salvador Mosqueda | Veronica Mosqueda | Honorable Martin R. Barash |
| 5554 Sedan Ave | 5554 Sedan Ave | United States Bankruptcy Court |
| Woodland Hills, CA 91367 | Woodland Hills, CA 91367 | 21041 Burbank Boulevard, Suite 342 |
| | | Woodland Hills, CA 91367 |

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/22/2018 | Chimere Williams | /s/ Chimere Williams |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                     Page 12                                     **F 4001-1.RFS.RP.MOTION**

EXHIBIT "A"

MIN: ▮▮▮▮▮▮▮▮                                  Loan Number: ▮▮▮▮▮▮▮

# InterestOnly ADJUSTABLE RATE NOTE
### (One-Year LIBOR Index (As Published in *The Wall Street Journal*) - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE AND FOR CHANGES IN MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

MAY 9, 2007                Santa Monica                CALIFORNIA
[Date]                         [City]                        [State]

5554 SEDAN AVENUE (WOODLAND HILLS AREA), LOS ANGELES, CALIFORNIA 91367
[Property Address]

## 1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 552,000.00 (this amount is called "Principal"), plus interest, to the order of Lender. The Lender is   LIBERTY LENDING INC, A CALIFORNIA CORPORATION
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.   INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   6.250 %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3.   PAYMENTS

**(A) Time and Place of Payments**

I will make a payment every month. I will make my monthly payment on the  1st  day of each month beginning on JULY 1, 2007  . This payment will be for interest only for the first 120  months ("Interest Only Period"), and thereafter my payments will consist of Principal and interest. I will make my payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this note.

Each monthly payment will be applied as of its scheduled due date, and if the payment includes both Principal and interest it will be applied to interest before Principal. If, on  JUNE 1, 2037  , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at  233 WILSHIRE BLVD, SUITE 370, SANTA MONICA, CALIFORNIA 90401
or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $ 2,875.00 . This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 or 5 of this Note.

## 4.   ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of JUNE, 2017  , and the adjustable interest rate I will pay may change on that day every 12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market (LIBOR), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding   TWO AND 250/1000 percentage points (   2.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than   11.250 % or less than   2.750 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than   11.250 % or less than   2.750 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

Before the effective date of any change in my interest rate and/or monthly payment, the Note Holder will deliver or mail to me a notice of such change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**(G) Date of First Principal and Interest Payment**

The date of my first payment consisting of both Principal and interest on this Note (the "First Principal and Interest Payment Due Date") will be the first monthly payment date after the expiration date of the Interest Only Period.

**5. BORROWER'S RIGHT TO PREPAY ** See attached Prepayment Note Addendum.**

I have the right to make payments of Principal at any time before they are due. A prepayment of all the unpaid principal is known as a "Full prepayment." A prepayment of only part of the unpaid principal is known as a "Partial Prepayment."

If I make a Partial Prepayment equal to one or more of my monthly payments, my due date may be advanced no more than one month. If I make any other Partial Prepayment, I must still make each later payment as it becomes due and in the same amount. I may make a Full or a Partial Prepayment at any time.

☐ If this box is checked, no prepayment penalty will be charged on this loan.

☒ If this box is checked, I have selected a loan which has a prepayment penalty. The Prepayment Penalty Addendum attached hereto and made a part hereof defines the terms of the prepayment penalty. The Prepayment Penalty Addendum attached hereto and made a part hereof defines the terms of the prepayment penalty. I understand that by agreeing to pay a prepayment penalty I acknowledge that my interest rate and/or fees are lower than they would be without a prepayment penalty.

**6.   LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7.   BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of   15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   5.000 % of my overdue payment of interest, during the period when my payment is interest only, and of principal and interest thereafter. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10.  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11.  SECURED NOTE

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**(A)  UNTIL MY INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT IS DESCRIBED AS FOLLOWS:**

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**(B)  AFTER MY INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT DESCRIBED IN SECTION 11(A) ABOVE SHALL THEN CEASE TO BE IN EFFECT, AND UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL INSTEAD BE DESCRIBED AS FOLLOWS:**

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Conv
● MULTISTATE InterestOnly ADJUSTABLE RATE NOTE - ONE YEAR LIBOR INDEX
FE-4265 (0503)                                    Page 3 of 4                        Initials: _SM_ _V. W_

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

I understand that for the Interest Only Period my monthly payments will not reduce the Principal balance on my loan.
My monthly payments after the Interest Only Period will consist of both Principal and interest and will be higher unless
I have made additional payments to reduce the Principal balance.

_____ (Seal)
SALVADOR MOSQUEDA                                  -Borrower

_____ (Seal)
VERONICA MOSQUEDA                                  -Borrower

_____ (Seal)
                                                   -Borrower

_____ (Seal)
                                                   -Borrower

*[Sign Original Only]*

# ALLONGE TO NOTE

LOAN NUMBER: ███████

LOAN AMOUNT: $552,000.00

PROPERTY ADDRESS: 5554 SEDAN AVENUE (WOODLAND HILLS AREA), LOS ANGELES, CALIFORNIA 91367

ALLONGE TO NOTE DATED MAY 9, 2007

IN FAVOR OF LIBERTY LENDING INC

AND EXECUTED BY SALVADOR MOSQUEDA, VERONICA MOSQUEDA

PAY TO THE ORDER OF COUNTRYWIDE BANK, FSB, 1800 TAPO CANYON RD., SIMI VALLEY, CA 93063

WITHOUT RECOURSE LIBERTY LENDING INC

BY _____
LUIGI GHILARDI II

TITLE: PRESIDENT

PAY TO THE ORDER OF
COUNTRYWIDE HOME LOANS, INC
WITHOUT RECOURSE
COUNTRYWIDE BANK, FSB
BY Laurie Meder
LAURIE MEDER
SENIOR VICE PRESIDENT

PAY TO THE ORDER OF
WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC
BY Michele Sjolander
MICHELE SJOLANDER
EXECUTIVE VICE PRESIDENT

DocMagic eSignature 800-649-1362
www.docmagic.com

# PREPAYMENT ADDENDUM TO NOTE

Loan Number: ▇▇▇▇▇▇

Date: MAY 9, 2007

Borrower(s): SALVADOR MOSQUEDA, VERONICA MOSQUEDA


THIS PREPAYMENT ADDENDUM TO NOTE (the "Addendum") is made this     9th      day of
MAY,   2007          , and is incorporated into and shall be deemed to amend and supplement
that certain promissory note (the "Note") made by the undersigned ("Borrower") in favor of LIBERTY
LENDING INC, A CALIFORNIA CORPORATION

("Lender") and dated the same date as this Addendum.  Repayment of the Note is secured by a Mortgage, Deed of
Trust, or Security Deed (the "Security Instrument") given by Borrower in favor of Lender and dated the same date
as this Addendum.  To the extent that the provisions of this Addendum are inconsistent with the provisions of the
Note, the provisions of this Addendum shall supersede the inconsistent provisions of the Note.

ADDITIONAL COVENANTS.  In addition to the covenants and agreements made in the Note, Borrower
and Lender further covenant and agree as follows:

Section   5  of the Note is amended to read in its entirety as follows:

## 5.  BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE

I have the right to make payments of Principal at any time before they are due.  A payment
of Principal only is known as a "Prepayment."  When I make a Prepayment, I will tell the Note
Holder in writing that I am doing so.  I may not designate a payment as a Prepayment if I have not
made all the monthly payments due under the Note.

The Note Holder will use my Prepayments to reduce the amount of Principal that I owe
under the Note.  However, the Note Holder may apply my Prepayment to the accrued and unpaid
interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount
of the Note.  If I make a partial Prepayment, there will be no changes in the due dates of my
monthly payment unless the Note Holder agrees in writing to those changes.

If the Note contains provisions for a variable interest rate, my partial Prepayment may
reduce the amount of my monthly payments after the first Change Date following my partial
Prepayment.  However, any reduction due to my partial Prepayment may be offset by an interest
rate increase.

If within TWELVE      (  12    ) months from the date the Security Instrument is
executed I make a full Prepayment or one or more partial Prepayments, and the total of all such
Prepayments in any 12-month period exceeds TWENTY                          percent
(   20.000  %) of the original principal amount of the loan, I will pay a Prepayment charge
in an amount equal to  SIX         (  6   ) months' advance interest on the amount by
which the total of my Prepayments within any 12-month period exceeds TWENTY
percent (  20.000  %) of the original principal amount of the loan.

If the Note contains provisions for a variable interest rate, the purpose of the loan is to finance the purchase or construction of real property containing four or fewer residential units or on which four or fewer residential units are to be constructed, and the Note Holder is not a "supervised financial organization," as defined in California Civil Code Section 1916.5, then I may prepay the loan in whole or in part without a Prepayment charge within 90 days of notification of any increase in the rate of interest.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Addendum.

_____  5/10/2007        _____  5/10/07
Borrower SALVADOR MOSQUEDA        Date              Borrower VERONICA MOSQUEDA        Date

_____            _____
Borrower                          Date              Borrower                          Date

_____            _____
Borrower                          Date              Borrower                          Date

CALIFORNIA PREPAYMENT ADDENDUM TO NOTE
(CIVIL CODE PROVISION)
12/13/05                              Page 2 of 2              DocMagic eForms 800-649-1362
                                                               www.docmagic.com

EXHIBIT "B"

APN#
2042-003-060
Situs:5554 Sedan
Ave Los Angeles
CA 91367

▲          This page is part of your document - DO NOT DISCARD          ▲

**20071214422**          Pages: 021

Recorded/Filed in Official Records          Fee: 70.00
Recorder's Office, Los Angeles County,
California          Tax: 0.00

05/18/07 AT 08:00AM          Other: 0.00

          Total: 70.00

          **Title Company**

**TITLE(S)** :    _____

▲                    ▲

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.          **Number of AIN's Shown**

▲      E14520   **THIS FORM IS NOT TO BE DUPLICATED**           ▲

## PROGRESSIVE TITLE

**Recording Requested By:**
LIBERTY LENDING INC



**And After Recording Return To:**
LIBERTY LENDING INC
233 WILSHIRE BLVD,
SANTA MONICA, CALIFORNIA
Loan Number: ▮▮▮▮▮▮
*Suite 370 90401*

——————— [Space Above This Line For Recording Data] ———————

# DEED OF TRUST

**MIN:** ▮▮▮▮▮▮▮▮▮

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A)** "**Security Instrument**" means this document, which is dated   MAY 9, 2007      , together with all Riders to this document.
**(B)** "**Borrower**" is   SALVADOR MOSQUEDA AND VERONICA MOSQUEDA, HUSBAND AND WIFE AS JOINT TENANTS

Borrower is the trustor under this Security Instrument.
**(C)** "**Lender**" is   LIBERTY LENDING INC

Lender is a   CALIFORNIA CORPORATION             organized
and existing under the laws of   CALIFORNIA
Lender's address is   233 WILSHIRE BLVD, SUITE 370, SANTA MONICA,
CALIFORNIA 90401

**(D)** "**Trustee**" is   PROGRESSIVE TITLE COMPANY
425 W. BROADWAY, SUITE 300, GLENDALE, CALIFORNIA 91204

**(E)** "**MERS**" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**(F)** "**Note**" means the promissory note signed by Borrower and dated   MAY 9, 2007      .
The Note states that Borrower owes Lender   FIVE HUNDRED FIFTY-TWO THOUSAND AND
00/100                 Dollars (U.S. $ 552,000.00     ) plus interest.

Borrower Initials: **_SM_**    **_V.M._**    _____   _____   _____   _____

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS     *DocMagic* **ᴇℱⓡⓜⓢ** 800-649-1362
Form 3005 01/01                Page 1 of 14                           *www.docmagic.com*



Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than JUNE 1, 2037                    .

(G)  "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H)  "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I)  "Riders" means all Riders to this Security Instrument that are executed by Borrower.  The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☒ Adjustable Rate Rider | ☐ Planned Unit Development Rider | |
| ☐ Balloon Rider | ☐ Biweekly Payment Rider | |
| ☐ 1-4 Family Rider | ☐ Second Home Rider | |
| ☐ Condominium Rider | ☒ Other(s) [specify] | |
| | PREPAYMENT RIDER | |

(J)  "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K)  "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L)  "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account.  Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers

(M)  "Escrow Items" means those items that are described in Section 3.

(N)  "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for:  (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O)  "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P)  "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q)  "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter.  As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R)  "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.  This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's

Borrower Initials: ___S·M___   ___V·M.___   _____   _____   _____   _____

| | |
|---|---|
| CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS<br>Form 3005 01/01                                    Page 2 of 14 | DocMagic *eForms* 800-649-1362<br>www.docmagic.com |



covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

COUNTY                  of                LOS ANGELES              :
[Type of Recording Jurisdiction]                [Name of Recording Jurisdiction]

```
LOT 1 OF TRACT NO. 31983, IN THE CITY OF LOS ANGELES, COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK
848, PAGES 89 AND 90 OF MAPS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY.
A.P.N.: 2042-003-060
```

which currently has the address of  5554 SEDAN AVENUE (WOODLAND HILLS AREA)
                                          [Street]

LOS ANGELES               , California      91367      ("Property Address"):
[City]                                    [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:
1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not

Borrower Initials: SM    V.M.    _____  _____  _____  _____

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS     *DocMagic eForms* 800-649-1362
Form 3005 01/01                          Page 3 of 14                              www.docmagic.com

obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

   **2.  Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

   If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

   Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

   **3.  Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section  Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

   Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

   The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender

Borrower Initials:  _SM_    _V.M._   _____   _____   _____   _____

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          *DocMagic eFormes* 800-649-1362
Form 3005 01/01                    Page 4 of 14                                      www.docmagic.com



shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4.  **Charges; Liens.**  Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5.  **Property Insurance.**  Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

Borrower Initials:  _SM_____   _V.M.___   _____   _____   _____   _____

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          *DocMagic* *eForms* 800-649-1362
Form 3005 01/01                          Page 5 of 14                                          www.docmagic.com

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.  Lender shall have the right to hold the policies and renewal certificates.  If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices.  If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender.  Lender may make proof of loss if not made promptly by Borrower.  Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened.  During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly.  Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed.  Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds.  Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower.  If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.  Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters.  If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim.  The 30-day period will begin when the notice is given.  In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property.  Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6.  **Occupancy.**  Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7.  **Preservation, Maintenance and Protection of the Property; Inspections.**  Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property.  Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition.  Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage.  If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes.  Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed.  If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property.  If it has reasonable cause, Lender may inspect the interior of the improvements on the Property.  Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause

Borrower Initials  SM    V.m.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS      DocMagic eForms 800-649-1362
Form 3005 01/01                        Page 6 of 14                              www.docmagic.com

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. Borrower shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel the ground lease. Borrower shall not, without the express written consent of Lender, alter or amend the ground lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Borrower Initials: __S.M.__   __V.M.__   _____   _____   _____   _____

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS    *DocMagic eForms* 800-649-1362
Form 3005 01/01                Page 7 of 14                                *www.docmagic.com*



Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether

Borrower Initials: **S.M.**    **v.m.**  _____  _____  _____  _____

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01                          Page 8 of 14

DocMagic *eRorms* 800-649-1362
www.docmagic.com

or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires

Borrower Initials: SM   V.M.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01    Page 9 of 14    DocMagic  800-649-1362
www.docmagic.com

otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

    **16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

    As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

    **17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

    **18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser

    If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

    **19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18

Borrower Initials: _SM_  _v.m._  ___  ___  ___  ___

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          DocMagic eForms 800-649-1362
Form 3005 01/01                        Page 10 of 14                                      www.docmagic.com



**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action

Borrower Initials: ___SM___  ___V.m.___  _____  _____  _____  _____

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01                    Page 11 of 14                    *DocMagic eForms* 800-649-1362
www.docmagic.com



required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable

24. **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

Borrower Initials: _S.M.___  _V.M.___  _____  _____  _____  _____

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS      *DocMagic eForms* 800-649-1362
Form 3005 01/01                      Page 12 of 14                                    *www.docmagic.com*

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
SALVADOR MOSQUEDA        -Borrower

_____ (Seal)
VERONICA MOSQUEDA        -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

Witness:                                   Witness:

_____        _____

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS      DocMagic *eForms* 800-649-1362
Form 3005 01/01                          Page 13 of 14                      www.docmagic.com

———————————— [Space Below This Line For Acknowledgment] ————————————

State of California            )
                               ) ss.
County of LOS ANGELES          )

On May 10, 2007 before me, Elena Mandeville a notary public,

personally appeared  SALVADOR MOSQUEDA AND VERONICA MOSQUEDA

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.



ELENA MANDEVILLE
Commission # 1731531
Notary Public - California
Los Angeles County
My Comm. Expires Mar 15, 2011

_____
NOTARY SIGNATURE

Elena Mandeville
_____
(Typed Name of Notary)

NOTARY SEAL

07 1214422

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01                    Page 14 of 14

DocMagic eForms 800-649-1362
www.docmagic.com

Assessor's Parcel Number: 2042-003-060

After Recording Return To:
LIBERTY LENDING INC
233 WILSHIRE BLVD, SUITE 370
SANTA MONICA, CALIFORNIA
90401

Prepared By:

————— [Space Above This Line For Recording Data] —————
# FIXED/ADJUSTABLE RATE RIDER
(LIBOR One-Year Index (As Published In *The Wall Street Journal*) - Rate Caps)

DOC ID #: ████████

THIS FIXED/ADJUSTABLE RATE RIDER is made this   9th   day of
MAY   2007   , and is incorporated into and shall be deemed to amend and supplement the
Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the
undersigned ("Borrower") to secure Borrower's Fixed/Adjustable Rate Note (the "Note") to
LIBERTY LENDING INC, A CALIFORNIA CORPORATION
("Lender") of the same date and covering the property described in the Security Instrument and located at:
5554 SEDAN AVENUE (WOODLAND HILLS AREA), LOS ANGELES, CALIFORNIA 91367
[Property Address]

**THE NOTE PROVIDES FOR A CHANGE IN BORROWER'S FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE. THE NOTE LIMITS THE AMOUNT BORROWER'S ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE BORROWER MUST PAY.**

Conv
● MULTISTATE FIXED/ADJUSTABLE RATE RIDER - WSJ One-Year LIBOR - Single Family
INTEREST ONLY
FE-4266 (0603)          Page 1 of 4          Initials: S.M. V.M.

Case 1:18-bk-11531-MB    Doc 8    Filed 06/22/18    Entered 06/22/18 13:35:24    Desc
Main Document      Page 43 of 121

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADJUSTABLE RATE AND MONTHLY PAYMENT CHANGES**
     The Note provides for an initial fixed interest rate of    6.250 %. The Note also provides for a change in the initial fixed rate to an adjustable interest rate, as follows:

**4. ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**
     **(A) Change Dates**
     The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of JUNE, 2017   , and the adjustable interest rate I will pay may change on that day every 12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."

     **(B) The Index**
     Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one year U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index".
     If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

     **(C) Calculation of Changes**
     Before each Change Date, the Note Holder will calculate my new interest rate by adding TWO AND 250/1000            percentage points (    2.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

     **(D) Limits on Interest Rate Changes**
     The interest rate I am required to pay at the first Change Date will not be greater than    11.250 % or less than    2.750 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than    11.250 % or less than 2.750 %.

     **(E) Effective Date of Changes**
     My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

     **(F) Notice of Changes**
     The Note Holder will deliver or mail to me a notice of any changes in my initial fixed interest rate to an adjustable interest rate and of any changes in my adjustable interest rate before the effective date of any change. The notice will include the amount of my monthly payment, any information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

Conv
● MULTISTATE FIXED/ADJUSTABLE RATE RIDER - WSJ One-Year LIBOR - Single Family
INTEREST ONLY
FE-4266 (0603)                    Page 2 of 4                Initials: _SM_ v.m.

Case 1:18-bk-11531-MB   Doc 8   Filed 06/22/18   Entered 06/22/18 13:35:24   Desc
Main Document     Page 44 of 121



**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

    1. UNTIL MY INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT IS DESCRIBED AS FOLLOWS:

    **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

    If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

    2. AFTER MY INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT DESCRIBED IN SECTION 11(A) ABOVE SHALL THEN CEASE TO BE IN EFFECT, AND UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL INSTEAD BE DESCRIBED AS FOLLOWS:

    **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

    If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

    To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

Conv
• MULTISTATE FIXED/ADJUSTABLE RATE RIDER - WSJ One-Year LIBOR - Single Family
INTEREST ONLY
FE-4266 (0603)                 Page 3 of 4              Initials: _SM_ v.m.

*19*

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Fixed/Adjustable Rate Rider.

**I understand that for the Interest Only Period my monthly payments will not reduce the Principal balance on my loan. My monthly payments after the Interest Only Period will consist of both Principal and interest and will be higher unless I have made additional payments to reduce the Principal balance.**

_____ (Seal)
SALVADOR MOSQUEDA                   -Borrower

_____ (Seal)
VERONICA MOSQUEDA                  -Borrower

_____ (Seal)
                                       -Borrower

_____ (Seal)
                                       -Borrower

07 1214422

Conv
● MULTISTATE FIXED/ADJUSTABLE RATE RIDER - WSJ One-Year LIBOR - Single Family
INTEREST ONLY
FE-4266 (0603)                  Page 4 of 4



# PREPAYMENT RIDER

Loan Number: ▓▓▓▓▓▓▓▓

Date: MAY 9, 2007

Borrower(s): SALVADOR MOSQUEDA, VERONICA MOSQUEDA

     THIS PREPAYMENT RIDER (the "Rider") is made this 9th day of MAY , 2007 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure repayment of Borrower's promissory note (the "Note") in favor of LIBERTY LENDING INC, A CALIFORNIA CORPORATION

("Lender"). The Security Instrument encumbers the Property more specifically described in the Security Instrument and located at

5554 SEDAN AVENUE (WOODLAND HILLS AREA), LOS ANGELES, CALIFORNIA 91367
[Property Address]

     ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

## A.   PREPAYMENT CHARGE
The Note provides for the payment of a prepayment charge as follows:

### 5 . BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE
    I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
    The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under the Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes.
    If the Note contains provisions for a variable interest rate, my partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

CALIFORNIA PREPAYMENT RIDER
(CIVIL CODE PROVISION)
12/13/05                   Page 1 of 2

DocMagic *eForms* 800-649-1362
www.docmagic.com

07 1214422

*21*

If within TWELVE      ( 12    ) months from the date the Security Instrument is executed I make a full Prepayment or one or more partial Prepayments, and the total of all such Prepayments in any 12-month period exceeds TWENTY percent (    20.000 %) of the original principal amount of the loan, I will pay a Prepayment charge in an amount equal to   SIX    ( 6   ) months' advance interest on the amount by which the total of my Prepayments within any 12-month period exceeds TWENTY         percent ( 20.000 %) of the original principal amount of the loan.

      If the Note contains provisions for a variable interest rate, the purpose of the loan is to finance the purchase or construction of real property containing four or fewer residential units or on which four or fewer residential units are to be constructed, and the Note Holder is not a "supervised financial organization," as defined in California Civil Code Section 1916.5, then I may prepay the loan in whole or in part without a Prepayment charge within 90 days of notification of any increase in the rate of interest.

      BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Rider.

_____ (Seal)
SALVADOR MOSQUEDA       -Borrower

_____ (Seal)
VERONICA MOSQUEDA      -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

07 1214422

CALIFORNIA PREPAYMENT RIDER
(CIVIL CODE PROVISION)
12/13/05                      Page 2 of 2

DocMagic *eForms* 800-649-1362
www.docmagic.com

# EXHIBIT "C"

**This page is part of your document - DO NOT DISCARD**



## 20120846803



**Pages:**
**0003**



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**06/06/12 AT 04:30PM**

| FEES: | 21.00 |
|---|---|
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



**L E A D S H E E T**

**SEQ:**
**01**

ERDS - Daily

**THIS FORM IS NOT TO BE DUPLICATED**

E13

Recording Requested By:
**Bank of America**
Prepared By: **Bank of America**
**1800 Tapo Canyon Road**
**Simi Valley, CA 93063**
**800-444-4302**
When recorded mail to:
**CoreLogic**
**450 E. Boundary St.**
**Attn: Release Dept.**
**Chapin, SC 29036**

Property Address:
**5554 Sedan Ave**
**LOS ANGELES, CA 91367-6154**

MIN #:                               MERS Phone #: 888-679-6377

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is **1901 E Voorhees Street, Suite C, Danville, IL 61834** does hereby grant, sell, assign, transfer and convey unto **WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE HOLDERS OF THE BEAR STEARNS ARM TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-5** whose address is **2210 ENTERPRISE DR., FLORENCE, SC 29501** all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

| | |
|---|---|
| Original Lender: | **LIBERTY LENDING INC** |
| Original Borrower(s): | **SALVADOR MOSQUEDA AND VERONICA MOSQUEDA, HUSBAND AND WIFE AS JOINT TENANTS** |
| Original Trustee: | **PROGRESSIVE TITLE COMPANY** |
| Date of Deed of Trust: | **5/9/2007** |
| Original Loan Amount: | **$552,000.00** |

Recorded in **Los Angeles County, CA** on: **5/18/2007**, book N/A, page N/A and instrument number **20071214422**

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on

*5.31.12*

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

By: _____

Richard Paz Assistant Secretary

State of **California**
County of Ventura

On ___MAY 3 1 2012___ before me, _____ EVETTE OHANIAN _____, Notary Public, personally appeared

___Richard Paz___

, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Notary Public: ___EVETTE OHANIAN___                    (Seal)
My Commission Expires: ___DEC 2 7 2015___

EVETTE OHANIAN
COMM. 1961990
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Dec. 27, 2015
HRS1

DocID#

EXHIBIT "D"

THIS IS TO CERTIFY THAT THIS IS A FULL, TRUE AND
CORRECT COPY OF THE ORIGINAL RECORDED
IN THE OFFICE OF LOS ANGELES COUNTY

**RECORDING REQUESTED BY:**
**AND WHEN RECORDED MAIL TO:**
**THE MORTGAGE LAW FIRM, PLC**
**41689 ENTERPRISE CIRCLE NORTH, STE. 228**
**TEMECULA, CA 92590**
**APN 2042-003-060**

RECORDING FEE: **$31.00**

RECORDED ON: **February 25, 2016**

AS DOCUMENT NO: **20160205502**

**s/ VANGIE ORTEGA**

SERVICELINK TITLE COMPANY

| Trustee Sale No ▉ | Title No. | Space above for Recorder's use only |

## IMPORTANT NOTICE

### NOTICE OF NOTICE OF DEFAULT AND ELECTION TO SELL

**ATTENTION RECORDER: THE FOLLOWING REFERENCE TO AN ATTACHED
SUMMARY IS APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要

참고사항: 본 첨부 문서에 정보 요약서가 있습니다

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO

TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP

LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR
PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** without and you may have the
legal right to bring your account in good standing by paying all of your past due payments plus
permitted costs and expenses within the time permitted by law for reinstatement of your account,
which is normally five business days prior to the date set for the sale of your property. No sale date
may be set until approximately 90 days from the date this Notice of Default may be recorded (which
date of recordation appears on this notice). This amount is **$352,155.00** as of **2/19/2016** and will
increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and
taxes) required by your Note and Deed of Trust or Mortgage. If you fail to make future payments on
the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as
required in the Note and Deed of Trust or Mortgage, the Beneficiary or Mortgagee may require as a
condition to reinstatement that you provide reliable written evidence that you paid all senior liens,
property taxes, and hazard insurance premiums.

Upon your written request, the Beneficiary or Mortgagee will give you a written itemization of the
entire amount you must pay. You may not have to pay the entire unpaid portion of your account,
even though full payment was demanded, but you must pay all amounts in default at the time
payment is made. However, you and your Beneficiary or Mortgagee may mutually agree in writing
prior to the time the Notice of Sale is posted (which may not be earlier than the end of the three-
month period stated above) to, among other things, (1) provide additional time in which to cure the
default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to
cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the
obligation being foreclosed upon or a separate written agreement between you and your creditor
permits a longer period, you have only the legal right to stop the sale of your property by paying the
entire amount demanded by your creditor.

TS No. ▮▮▮▮▮                    Title No.

**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Wells Fargo Bank, N.A., as Trustee for Bear Stearns ARM Trust 2007-5**
**c/o The Mortgage Law Firm, PLC**
**41689 ENTERPRISE CIRCLE NORTH, STE. 228**
**TEMECULA, CA  92590**
**619-465-8200**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

**REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION. NOTICE IS HEREBY GIVEN:**

That The Mortgage Law Firm, PLC is either the original Trustee, the duly appointed Substituted Trustee, or acting as Agent for the Trustee or Beneficiary under Deed of Trust dated **05/09/2007**, executed by **Salvador Mosqueda and Veronica Mosqueda, Husband and Wife as Joint Tenants**, as Trustor, to secure certain obligations in favor of **Mortgage Electronic Registration Systems, Inc. as nominee for Liberty Lending Inc.**, as beneficiary, recorded **05/18/2007**, as Instrument No. **20071214422**, in Book **xx**, Page **xx**, of Official Records in the Office of the Recorder of **Los Angeles** County, California describing land therein as more fully described in said Deed of Trust.

Including the Note(s) for the sum of **$552,000.00**, that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of:

**THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE 01/01/2009, TOGETHER WITH ALL LATE CHARGES, ADVANCES, INTEREST, INSURANCE, TAXES AND ASSESSMENTS, IF APPLICABLE.**

That by reason thereof, the present beneficiary under such Deed of Trust has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected  and does hereby elect to cause the trust   property to be  sold  to  satisfy the obligations secured thereby.  The undersigned Mortgagee Beneficiary or Authorized Agent for the Mortgagee or Beneficiary pursuant to California Civil Code Section 2923.55(c) declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with due diligence to contact the borrower, or that no contact was required because the individual did not meet the definition of a "borrower" as required by California Civil Code Section 2920.5.

THE MORTGAGE LAW FIRM, PLC

Dated: 2/19/2016          _____

Ryan Remington/Authorized Signature

**PAGE 2 OF 2**

## California Declaration of Compliance
(Civ. Code § 2923.55(c))

Borrower(s): **Salvador Mosqueda and Veronica Mosqueda**

Loan No ▮▮▮▮▮▮

Property Address: **5554 Sedan Avenue, Los Angeles CA 91367**

Trustee's Sale No ▮▮▮▮▮▮

The undersigned declares as follows:

I am employed by the undersigned mortgage servicer, and I have reviewed its business records for the borrower's loan, including the borrower's loan status and loan information, to substantiate the borrower's present loan default and the right to foreclose. The information set forth herein is accurate, complete and supported by competent and reliable evidence that I have reviewed in the mortgage servicer's business records. Those records reflect *one* of the following.

☑ The mortgage servicer contacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55. Thirty days, or more, have passed since the initial contact was made.

☐ The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

☐ The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the individual does not meet the definition of a "borrower" under Civil Code §2920.5(c).

☐ No contact was made with the borrower pursuant to Civil Code § 2923.55 because the above-referenced loan is not secured by a first lien mortgage or deed of trust that secures a loan described in Civil Code § 2924.15(a)

Executed on ___FEB 1 1 2016___ , 2016, at ~~Highlands Ranch~~    ~~Colorado~~ .

**Specialized Loan Servicing LLC**

By:     _____

[Name of Signer]     **Ami McKernan**

Second Assistant Vice President

EXHIBIT "E"

**DISMISSED, CLOSED**

# U.S. Bankruptcy Court
## Central District of California (San Fernando Valley)
## Bankruptcy Petition #: 1:08-bk-17907-KT

|                          |                         |
|--------------------------|-------------------------|
|                          | *Date filed:* 10/10/2008 |
| *Assigned to:* Kathleen Thompson | *Date terminated:* 04/16/2010 |
| Chapter 13               | *Debtor dismissed:* 12/07/2009 |
| Voluntary                | *Plan confirmed:* 02/24/2009 |
| Asset                    | *341 meeting:* 11/19/2008 |

*Debtor disposition:* Dismissed for Other Reason

| **Debtor** | represented by **Kevin T Simon** |
|---|---|
| **Salvador Mosqueda** | Simon Resnik Hayes LLP |
| 5554 Sedan Ave | 15233 Ventura Blvd Ste 250 |
| Woodland Hills, CA 91367 | Sherman Oaks, CA 91403 |
| LOS ANGELES-CA | 818-783-6251 |
| SSN / ITIN: xxx-xx-5607 | Fax : 818-783-6253 |
| | Email: kevin@srhlawfirm.com |

**Trustee**
**Elizabeth (SV) F Rojas (TR)**
Valley Executive Center
15260 Ventura Blvd., Suite 710
Sherman Oaks, CA 91403
818-933-5700

**U.S. Trustee**
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| | <u>1</u><br>(11 pgs; 3 docs) | Chapter 13 Voluntary Petition . Fee Amount $274 Filed by Salvador Mosqueda Section 316 Incomplete Filings due by 11/24/2008. Schedule A due 10/27/2008. Schedule B due 10/27/2008. Schedule C due 10/27/2008. Schedule D due 10/27/2008. Schedule E due 10/27/2008. Schedule F due 10/27/2008. Schedule G due 10/27/2008. Schedule H due 10/27/2008. Schedule I due |

| | | |
|---|---|---|
| 10/10/2008 | | 10/27/2008. Schedule J due 10/27/2008. Statement of Financial Affairs due 10/27/2008. Chapter 13 Plan due by 10/27/2008. Statement - Form 22C Due: 10/27/2008. Summary of schedules due 10/27/2008. Declaration concerning debtors schedules due 10/27/2008. Disclosure of compensation of bankruptcy petition preparer due 10/27/2008. Cert. of Credit Counseling due by 10/27/2008. Statistical Summary due 10/27/2008. Exhibit D due 10/27/2008. Debtor Certification of Employment Income due by 10/27/2008. Incomplete Filings due by 10/27/2008. (Simon, Kevin) (Entered: 10/10/2008) |
| 10/10/2008 | | Receipt of Voluntary Petition (Chapter 13)(1:08-bk-17907) [misc,volp13] ( 274.00) Filing Fee. Receipt number 6112294. Fee amount 274.00. (U.S. Treasury) (Entered: 10/10/2008) |
| 10/10/2008 | 2 (1 pg) | Disclosure of Compensation of Attorney for Debtor Filed by Debtor Salvador Mosqueda. (Simon, Kevin) (Entered: 10/10/2008) |
| 10/10/2008 | 3 (6 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Salvador Mosqueda. (Simon, Kevin) (Entered: 10/10/2008) |
| 10/10/2008 | 4 (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 11/19/2008 at 11:00 AM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. Confirmation hearing to be held on 12/15/2008 at 09:30 AM at Crtrm 301, 21041 Burbank Blvd, Woodland Hills, CA 91367. Proof of Claim due by 02/17/2009. (Simon, Kevin) (Entered: 10/10/2008) |
| 10/17/2008 | 5 (5 pgs) | BNC Certificate of Service (RE: related document(s) 4 , Meeting (AutoAssign Chapter 13)) No. of Notices: 12. Service Date 10/17/2008. (Admin.) (Entered: 10/17/2008) |
| 10/17/2008 | 6 (2 pgs) | BNC Certificate of Service (RE: related document(s) 1 , Voluntary Petition (Chapter 13) filed by Debtor Salvador Mosqueda) No. of Notices: 4. Service Date 10/17/2008. (Admin.) (Entered: 10/17/2008) |
| | | |

| | | |
|---|---|---|
| 10/17/2008 | **7**<br>(2 pgs) | BNC Certificate of Service (RE: related document(s) 1 , Voluntary Petition (Chapter 13) filed by Debtor Salvador Mosqueda) No. of Notices: 4. Service Date 10/17/2008. (Admin.) (Entered: 10/17/2008) |
| 10/27/2008 | **8**<br>(21 pgs) | Schedule A , Schedule B , Schedule C , Schedule D , Schedule E , Schedule F , Schedule G , Schedule H , Schedule I , Schedule J , Summary of Schedules , Statistical Summary of Certain Liabilities, Declaration concerning debtor's schedules Filed by Debtor Salvador Mosqueda (RE: related document (s)1, Voluntary Petition (Chapter 13)). (Simon, Kevin) (Entered: 10/27/2008) |
| 10/27/2008 | **9**<br>(3 pgs) | Certificate of Credit Counseling , Exhibit D Filed by Debtor Salvador Mosqueda (RE: related document (s)1, Voluntary Petition (Chapter 13)). (Simon, Kevin) (Entered: 10/27/2008) |
| 10/27/2008 | **10**<br>(20 pgs) | Chapter 13 Statement of Current Monthly and Disposable Income , Debtor's Certification of Employment Income , Declaration RE Tax Returns (Preconfirmation) , Declaration RE: Payment of Domestic Support Obligations , Statement of Financial Affairs Filed by Debtor Salvador Mosqueda (RE: related document(s)1, Voluntary Petition (Chapter 13)). (Simon, Kevin) CORRECTION: Statement of Financial Affairs not signed.9(DEFICIENCY NOT MET)Attorney to refile signed document. PDF includes Declaration of Schedules. Modified on 10/28/2008 (Mendez, Raoul). (Entered: 10/27/2008) |
| | **11**<br>(8 pgs) | Chapter 13 Plan Filed by Debtor Salvador Mosqueda (RE: related document(s)1 Chapter 13 Voluntary Petition . Fee Amount $274 Filed by Salvador Mosqueda Section 316 Incomplete Filings due by 11/24/2008. Schedule A due 10/27/2008. Schedule B due 10/27/2008. Schedule C due 10/27/2008. Schedule D due 10/27/2008. Schedule E due 10/27/2008. Schedule F due 10/27/2008. Schedule G due 10/27/2008. Schedule H due 10/27/2008. Schedule I due 10/27/2008. Schedule J due 10/27/2008. Statement of Financial Affairs due 10/27/2008. Chapter 13 Plan due by 10/27/2008. Statement - Form 22C Due: 10/27/2008. Summary of schedules due 10/27/2008. Declaration |

| | | |
|---|---|---|
| 10/27/2008 | | concerning debtors schedules due 10/27/2008. Disclosure of compensation of bankruptcy petition preparer due 10/27/2008. Cert. of Credit Counseling due by 10/27/2008. Statistical Summary due 10/27/2008. Exhibit D due 10/27/2008. Debtor Certification of Employment Income due by 10/27/2008. Incomplete Filings due by 10/27/2008. (Simon, Kevin)). (Simon, Kevin) (Entered: 10/27/2008) |
| 10/27/2008 | 12 (14 pgs) | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan *with Proof of Service* Filed by Debtor Salvador Mosqueda. (Simon, Kevin) (Entered: 10/27/2008) |
| 10/27/2008 | 13 (6 pgs) | Amendment to List of Creditors. Fee Amount $26 Filed by Debtor Salvador Mosqueda. (Simon, Kevin)CORRECTION: PDF includes Verification of Matrix. Modified on 10/28/2008 (Mendez, Raoul). (Entered: 10/27/2008) |
| 10/27/2008 | | Receipt of Amended Creditor Matrix (Fee)(1:08-bk-17907-KT) [misc,amdcm] ( 26.00) Filing Fee. Receipt number 6245486. Fee amount 26.00. (U.S. Treasury) (Entered: 10/27/2008) |
| 10/27/2008 | 14 (1 pg) | Declaration Re: Electronic Filing Filed by Debtor Salvador Mosqueda. (Simon, Kevin) (Entered: 10/27/2008) |
| 10/28/2008 | 15 (8 pgs) | Statement of Financial Affairs *Amended* Filed by Debtor Salvador Mosqueda (RE: related document (s)1, Voluntary Petition (Chapter 13)). (Simon, Kevin) (Entered: 10/28/2008) |
| 11/17/2008 | 16 (1 pg) | Request for Courtesy Notice of Electronic Filing (NEF) Filed by Matthew D Tokarz on behalf of Countrywide Home Loans, Inc.. (Tokarz, Matthew) (Entered: 11/17/2008) |
| 11/17/2008 | 18 (6 pgs) | Application for Compensation for Kevin T Simon , Debtor's Attorney, Period: to , Fee: $4000.00, Expenses: $0.00. Filed by Attorney Kevin T Simon ; with notice and proof of service (Cetulio, Julie) (Entered: 11/18/2008) |

| | | |
|---|---|---|
| 11/17/2008 | 19<br>(6 pgs) | Order Granting Application For Compensation (Related Doc # 18) for Kevin T Simon, fees awarded: $4000.00, expenses awarded: $0.00 Signed on 11/17/2008. (Cetulio, Julie) (Entered: 11/18/2008) |
| 11/18/2008 | 17<br>(3 pgs) | Notice *of Payment Amount with Proof of Service* Filed by Creditor Countrywide Home Loans, Inc.. (Tokarz, Matthew) (Entered: 11/18/2008) |
| 12/04/2008 | 20<br>(1 pg) | Request for Courtesy Notice of Electronic Filing (NEF) Filed by Ramesh Singh on behalf of GE Money Bank. (Singh, Ramesh) (Entered: 12/04/2008) |
| 12/04/2008 | 21<br>(1 pg) | Request for Courtesy Notice of Electronic Filing (NEF) Filed by Kathy Shakibi on behalf of Courtesy NEF. (Shakibi, Kathy) (Entered: 12/04/2008) |
| 01/02/2009 | 22<br>(31 pgs; 4 docs) | Motion *TO EXTINGUISH SECOND DEED OF TRUST (LIEN) OF COUNTRYWIDE HOME LOANS; POINTS AND AUTHORITIES IN SUPPORT; DECLARATIONS OF SALVADOR MOSQUEDA AND JENNIFER BOSCO IN SUPPORT THEREOF. WITH PROOF OF SERVICE* Filed by Debtor Salvador Mosqueda (Attachments: 1 Exhibit A2 Exhibit B3 Exhibit A2) (Simon, Kevin) (Entered: 01/02/2009) |
| 01/02/2009 | 23<br>(3 pgs) | Notice of Hearing *with proof of Service* Filed by Debtor Salvador Mosqueda (RE: related document(s)22 Motion *TO EXTINGUISH SECOND DEED OF TRUST (LIEN) OF COUNTRYWIDE HOME LOANS; POINTS AND AUTHORITIES IN SUPPORT; DECLARATIONS OF SALVADOR MOSQUEDA AND JENNIFER BOSCO IN SUPPORT THEREOF. WITH PROOF OF SERVICE* Filed by Debtor Salvador Mosqueda (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit A2) (Simon, Kevin)). Hearing to be held on 2/3/2009 at 09:00 AM 21041 Burbank Blvd, Woodland Hills, CA 91367-6603 for 22, (Simon, Kevin) (Entered: 01/02/2009) |
| | | Hearing Set (RE: related document(s)22 , Generic Motion filed by Debtor Salvador Mosqueda) Hearing to be held on 2/3/2009 at 09:00 AM Crtrm |

| | | |
|---|---|---|
| 01/05/2009 | | 301, 21041 Burbank Blvd, Woodland Hills, CA 91367 for 22, (Harraway, Phillip) (Entered: 01/05/2009) |
| 01/05/2009 | 24 (5 pgs) | Declaration setting forth postpetition, preconfirmation deed of trust payments Filed by Debtor Salvador Mosqueda. (Simon, Kevin) (Entered: 01/05/2009) |
| 02/03/2009 | 25 (13 pgs) | Amended Chapter 13 Plan *FIRST AMENDE PLAN WITH PROOF OF SERVICE* Filed by Debtor Salvador Mosqueda (RE: related document(s)11 Chapter 13 Plan Filed by Debtor Salvador Mosqueda (RE: related document(s)1 Chapter 13 Voluntary Petition . Fee Amount $274 Filed by Salvador Mosqueda Section 316 Incomplete Filings due by 11/24/2008. Schedule A due 10/27/2008. Schedule B due 10/27/2008. Schedule C due 10/27/2008. Schedule D due 10/27/2008. Schedule E due 10/27/2008. Schedule F due 10/27/2008. Schedule G due 10/27/2008. Schedule H due 10/27/2008. Schedule I due 10/27/2008. Schedule J due 10/27/2008. Statement of Financial Affairs due 10/27/2008. Chapter 13 Plan due by 10/27/2008. Statement - Form 22C Due: 10/27/2008. Summary of schedules due 10/27/2008. Declaration concerning debtors schedules due 10/27/2008. Disclosure of compensation of bankruptcy petition preparer due 10/27/2008. Cert. of Credit Counseling due by 10/27/2008. Statistical Summary due 10/27/2008. Exhibit D due 10/27/2008. Debtor Certification of Employment Income due by 10/27/2008. Incomplete Filings due by 10/27/2008. (Simon, Kevin)). (Simon, Kevin)). (Simon, Kevin) (Entered: 02/03/2009) |
| 02/20/2009 | 26 (6 pgs) | Order Granting Motion to Extinguish Lien of Countrywide Home Loans (Related Doc # 22) Signed on 2/20/2009 (Harraway, Phillip) (Entered: 02/20/2009) |
| 02/22/2009 | 27 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)26 , Order on Generic Motion) No. of Notices: 7. Service Date 02/22/2009. (Admin.) (Entered: 02/22/2009) |
| | 28 | Order Confirming Chapter 13 Plan Signed on |

| | | |
|---|---|---|
| 02/24/2009 | (2 pgs) | 2/24/2009 (RE: related document(s)25 , Amended Chapter 13 Plan filed by Debtor Salvador Mosqueda, 4 , Meeting (AutoAssign Chapter 13)). (Cetulio, Julie) (Entered: 02/24/2009) |
| 02/25/2009 | 29 (8 pgs) | Declaration setting forth postpetition, preconfirmation deed of trust payments Filed by Debtor Salvador Mosqueda. (Simon, Kevin) (Entered: 02/25/2009) |
| 02/26/2009 | 30 (3 pgs) | Notice of Requirement to Complete Course in Financial Management (BNC) . (Cetulio, Julie) (Entered: 02/26/2009) |
| 02/28/2009 | 31 (4 pgs) | BNC Certificate of Notice (RE: related document(s) 30 , Notice of Requirement to Complete Course in Financial Management (BNC)) No. of Notices: 4. Service Date 02/28/2009. (Admin.) (Entered: 02/28/2009) |
| 03/25/2009 | 32 (2 pgs; 2 docs) | Transfer of Claim(s) Transferor: FIA Card Services aka Bank of America (Claim No.12); To eCAST Settlement Corporation Filed by Becket 2,Alane. (Becket 2,Alane) (Entered: 03/25/2009) |
| 03/27/2009 | 33 (2 pgs) | BNC Certificate of Service - Transfer of Claim (RE: related document(s)32 Transfer of Claim) No. of Notices: 1. Service Date 03/27/2009. (Admin.) (Entered: 03/27/2009) |
| 04/08/2009 | 34 (6 pgs) | Notice of intent to pay claims . (Mendez, Raoul) (Entered: 04/10/2009) |
| 04/23/2009 | 35 (5 pgs) | Application for Compensation *Notice of application for fees. With Proof of Service* for Kevin T Simon, Debtor's Attorney, Period: to, Fee: $909.26, Expenses: $7.26. Filed by Debtor Salvador Mosqueda (Simon, Kevin) (Entered: 04/23/2009) |
| 06/17/2009 | 36 (9 pgs) | Declaration re: non opposition *to application for supplemental fees* Filed by Debtor Salvador Mosqueda (RE: related document(s)35 Application for Compensation *Notice of application for fees. With Proof of Service* for Kevin T Simon, Debtor's Attorney, Period: to, Fee: $909.26, Expenses: $7.26.). (Simon, Kevin) (Entered: 06/17/2009) |

| | | |
|---|---|---|
| 07/02/2009 | 37<br>(5 pgs) | Order Granting Application For Compensation (Related Doc # 35) for Kevin T Simon, fees awarded: $909.26, expenses awarded: $7.26 Signed on 7/2/2009. (Gonzalez, Emma) (Entered: 07/02/2009) |
| 07/17/2009 | 38<br>(3 pgs) | Chapter 13 Trustee Periodic Accounting Report . (Rojas, Elizabeth (SV)) (Entered: 07/17/2009) |
| 08/20/2009 | 39<br>(2 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Roundup Funding, LLC (Claim No. 14) To Chase Bank USA, NA Filed by Creditor Chase Bank USA, NA. (Beckmann, Laura) (Entered: 08/20/2009) |
| 08/22/2009 | 40<br>(2 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: FIA CARD SERVICES, NA/BANK OF AMERICA (Claim No. 13) To National Capital Management, LLC. Filed by Creditor National Capital Management, LLC. (Wall, Christopher) (Entered: 08/22/2009) |
| 08/22/2009 | 41<br>(2 pgs) | BNC Certificate of Service - Transfer of Claim (RE: related document(s)39 Transfer of Claim filed by Creditor Chase Bank USA, NA) No. of Notices: 0. Service Date 08/22/2009. (Admin.) (Entered: 08/22/2009) |
| 08/26/2009 | 42<br>(2 pgs) | BNC Certificate of Service - Transfer of Claim (RE: related document(s)40 Transfer of Claim filed by Creditor National Capital Management, LLC) No. of Notices: 1. Service Date 08/26/2009. (Admin.) (Entered: 08/26/2009) |
| 08/27/2009 | 43<br>(2 pgs) | Motion to Dismiss Case for Failure to Make Plan Payments Filed by Trustee Elizabeth (SV) Rojas (Rojas, Elizabeth (SV)) (Entered: 08/27/2009) |
| 09/18/2009 | 44<br>(3 pgs) | Chapter 13 Trustee Periodic Accounting Report . (Rojas, Elizabeth (SV)) (Entered: 09/18/2009) |
| 12/07/2009 | 45<br>(2 pgs) | Order Granting Motion to Dismiss Case for Failure to Make Plan Payments. **Debtor** Dismissed. (Related Doc # 43) Signed on 12/7/2009. (Mendez, Raoul) (Entered: 12/07/2009) |
| | | |

| | | |
|---|---|---|
| 12/07/2009 | 46<br>(1 pg) | Notice of dismissal (BNC) (Mendez, Raoul) (Entered: 12/07/2009) |
| 12/09/2009 | 47<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s) 46 Notice of dismissal (BNC)) No. of Notices: 34. Service Date 12/09/2009. (Admin.) (Entered: 12/09/2009) |
| 12/17/2009 | 48<br>(3 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Rojas, Elizabeth (SV)) (Entered: 12/17/2009) |
| 02/04/2010 | 49<br>(1 pg) | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by Trustee Elizabeth (SV) Rojas. (Rojas, Elizabeth (SV)) (Entered: 02/04/2010) |
| 02/04/2010 | 50<br>(3 pgs) | Trustee's Final Report and Account Filed by Trustee Elizabeth (SV) Rojas. (Rojas, Elizabeth (SV)) (Entered: 02/04/2010) |
| 02/04/2010 | 51<br>(1 pg) | Proof of service Filed by Trustee Elizabeth (SV) Rojas. (Rojas, Elizabeth (SV)) (Entered: 02/04/2010) |
| 04/16/2010 | 52<br>(1 pg) | Bankruptcy Case Closed - DISMISSED (Cetulio, Julie) (Entered: 04/16/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/21/2018 14:48:55 | | | |
| **PACER Login:** | wadetang:4469305:4170797 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:08-bk-17907-KT Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |

# EXHIBIT "F"

**CLOSED**

# U.S. Bankruptcy Court
## Central District of California (San Fernando Valley)
## Bankruptcy Petition #: 1:10-bk-13335-AA

|  |  |
|---|---|
| | *Date filed:* 03/24/2010 |
| | *Date terminated:* 01/25/2012 |
| *Assigned to:* Alan M. Ahart | *Debtor discharged:* 04/15/2011 |
| Chapter 7 | *341 meeting:* 08/20/2010 |
| Voluntary | *Deadline for objecting to discharge:* 06/22/2010 |
| No asset | |

*Debtor disposition:* Standard Discharge

| | |
|---|---|
| **Debtor** | represented by **Todd Mannis** |
| **Salvador Mosqueda** | 4766 Park Granada |
| 5554 Sedan Avenue | Suite 209 |
| Woodland Hills, CA 91367 | Calabasas, CA 91302 |
| LOS ANGELES-CA | 818-591-9890 |
| SSN / ITIN: xxx-xx-5607 | Email: toddlaw@dslextreme.com |
| *fdba* **New Global Investments, Inc.** | |

**Trustee**
**Nancy J Zamora (TR)**
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, CA 90071
213-488-9411

**U.S. Trustee**
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 03/24/2010 | 1 (76 pgs) | Chapter 7 Voluntary Petition . Fee Amount $299 Filed by Salvador Mosqueda (Mannis, Todd) (Entered: 03/24/2010) |
| 03/24/2010 | 2 (1 pg) | Declaration Re: Electronic Filing Filed by Debtor Salvador Mosqueda. (Mannis, Todd) (Entered: 03/24/2010) |

CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)        Page 2 of 5
Case 1:18-bk-11531-MB   Doc 8   Filed 06/22/18   Entered 06/22/18 13:35:24   Desc
Main Document    Page 68 of 121

| Date | Doc | Description |
|---|---|---|
| 03/24/2010 | 3 (1 pg) | Certificate of Credit Counseling Filed by Debtor Salvador Mosqueda. (Mannis, Todd) (Entered: 03/24/2010) |
| 03/24/2010 | 4 (4 pgs) | Debtor's Certification of Employment Income Filed by Debtor Salvador Mosqueda. (Mannis, Todd) (Entered: 03/24/2010) |
| 03/24/2010 | 5 | Statement of Social Security Number(s) Form B21 Filed by Debtor Salvador Mosqueda. (Mannis, Todd) (Entered: 03/24/2010) |
| 03/24/2010 | | Receipt of Voluntary Petition (Chapter 7)(1:10-bk-13335) [misc,volp7] ( 299.00) Filing Fee. Receipt number 13417695. Fee amount 299.00. (U.S. Treasury) (Entered: 03/24/2010) |
| 03/24/2010 | 6 (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 04/23/2010 at 11:00 AM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. Objections for Discharge due by 06/22/2010. (Mannis, Todd) (Entered: 03/24/2010) |
| 03/25/2010 | 7 (3 pgs) | Notice of Requirement to Complete Course in Financial Management (BNC) . (Cetulio, Julie) (Entered: 03/25/2010) |
| 03/26/2010 | 8 (1 pg) | Notice of Change of Address Filed by Creditor American Express Centurion Bank. (Weisman, Gilbert) (Entered: 03/26/2010) |
| 03/27/2010 | 9 (4 pgs) | BNC Certificate of Notice (RE: related document(s)6 Meeting (Chapter 7)) No. of Notices: 71. Service Date 03/27/2010. (Admin.) (Entered: 03/27/2010) |
| 03/27/2010 | 10 (4 pgs) | BNC Certificate of Notice (RE: related document(s)7 Notice of Requirement to Complete Course in Financial Management (BNC)) No. of Notices: 4. Service Date 03/27/2010. (Admin.) (Entered: 03/27/2010) |
| 04/26/2010 | 11 | Continuance of Meeting of Creditors Filed by Trustee Nancy J Zamora. 341(a) meeting to be held on 05/28/10 at 12:00 PM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. (Zamora, Nancy) (Entered: 04/26/2010) |

| | | |
|---|---|---|
| 06/01/2010 | 12 | Continuance of Meeting of Creditors Filed by Trustee Nancy J Zamora. 341(a) meeting to be held on 06/14/10 at 12:00 PM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. (Zamora, Nancy) (Entered: 06/01/2010) |
| 06/15/2010 | 13 | Continuance of Meeting of Creditors Filed by Trustee Nancy J Zamora. 341(a) meeting to be held on 07/02/10 at 12:00 PM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. (Zamora, Nancy) (Entered: 06/15/2010) |
| 06/22/2010 | 14 (6 pgs) | Adversary case 1:10-ap-01255. Complaint by Jesus H Ranon against Salvador Mosqueda . Receipt Number O, Fee Amount $250 Nature of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))) ,(62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)) ,(67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)) (Reaves, Kelly) (Entered: 06/22/2010) |
| 07/06/2010 | 15 | Continuance of Meeting of Creditors Filed by Trustee Nancy J Zamora. 341(a) meeting to be held on 08/20/10 at 12:00 PM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. (Zamora, Nancy) (Entered: 07/06/2010) |
| 07/07/2010 | 16 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by. (Zamora, Nancy) (Entered: 07/07/2010) |
| 08/23/2010 | 17 (2 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) Filed by Trustee Nancy J Zamora (TR). Proofs of Claims due by 11/26/2010. Government Proof of Claim due by 2/22/2011. (Zamora (TR), Nancy) (Entered: 08/23/2010) |
| 08/23/2010 | 18 | Meeting of Creditors Held and Concluded (Chapter 7 Asset) Filed by Trustee Nancy J Zamora (TR) (RE: related document(s) 15 Continuance of Meeting of Creditors Filed by Trustee Nancy J Zamora. 341 filed by Trustee Nancy J Zamora (TR)). (Zamora (TR), Nancy) (Entered: 08/23/2010) |
| | 19 (6 pgs) | BNC Certificate of Notice (RE: related document(s) 17 Notice of Assets filed by trustee and court's notice |

| | | |
|---|---|---|
| 08/26/2010 | | of possible dividend (BNC) filed by Trustee Nancy J Zamora (TR)) No. of Notices: 65. Service Date 08/26/2010. (Admin.) (Entered: 08/26/2010) |
| 09/09/2010 | | Receipt of Photocopies Fee - $1.00 by 15. Receipt Number 10036674. (admin) (Entered: 09/10/2010) |
| 01/07/2011 | 20 | In accordance with the Administrative Order 10-030 dated 12/21/10, this case is hereby reassigned from Judge Kathleen Thompson to Judge Victoria S. Kaufman. (Espino, Cecilia) (Entered: 01/07/2011) |
| 02/09/2011 | 21 (2 pgs) | Financial Management Course Certificate Filed Filed by Debtor Salvador Mosqueda. (Mannis, Todd) (Entered: 02/09/2011) |
| 04/15/2011 | 22 (2 pgs) | DISCHARGE OF DEBTOR(S): Debtor (BNC) (RE: related document(s)6 Meeting (Chapter 7)) (Molina, Dolores) (Entered: 04/15/2011) |
| 04/17/2011 | 23 (5 pgs) | BNC Certificate of Notice (RE: related document(s) 22 DISCHARGE OF DEBTOR - Chapter 7 (BNC)) No. of Notices: 63. Service Date 04/17/2011. (Admin.) (Entered: 04/17/2011) |
| 05/02/2011 | 24 | In accordance with the Administrative Order 11-008 dated 4/14/2011, this case is hereby reassigned from Judge Victoria S. Kaufman to Judge Alan M. Ahart. (Ogier, Kathy) (Entered: 05/02/2011) |
| | | Chapter 7 Trustee's Report of No Distribution: I, Nancy J Zamora (TR), having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 22 months. Assets |

| | | |
|---|---|---|
| 12/29/2011 | | Abandoned (without deducting any secured claims): $ 526000.00, Assets Exempt: $ 93275.00, Claims Scheduled: $ 810804.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 810804.00. Filed by Trustee Nancy J Zamora (TR). (Zamora (TR), Nancy) (Entered: 12/29/2011) |
| 01/25/2012 | 25 (1 pg) | Bankruptcy Case Closed - DISCHARGE (Saunders, Marissa) (Entered: 01/25/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/21/2018 14:51:52 | | |
| **PACER Login:** | wadetang:4469305:4170797 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** 1:10-bk-13335-AA Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** 0.30 |

EXHIBIT "G"

**Repeat-cacb, PlnDue, Incomplete, RepeatPACER, BARDEBTOR, RestrictedDISMISSED, CLOSED**

# U.S. Bankruptcy Court
## Central District of California (San Fernando Valley)
### Bankruptcy Petition #: 1:14-bk-14557-MT

|  |  |
|---|---|
| | *Date filed:* 10/06/2014 |
| *Assigned to:* Maureen Tighe | *Date terminated:* 11/12/2014 |
| Chapter 13 | *Debtor dismissed:* 10/24/2014 |
| Voluntary | *341 meeting:* 11/26/2014 |
| Asset | |

*Debtor disposition:* Dismissed for Other Reason

**Debtor**                                                   represented by **Salvador Mosqueda**
**Salvador Mosqueda**                                                          PRO SE
5554 Sedan Ave
Woodland Hills, CA 91367
LOS ANGELES-CA
818-570-2183
SSN / ITIN: xxx-xx-5607

**Trustee**
**Elizabeth (SV) F Rojas (TR)**
Valley Executive Center
15260 Ventura Blvd., Suite 710
Sherman Oaks, CA 91403
818-933-5700

**U.S. Trustee**
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| | [1](underlined) (25 pgs; 3 docs) | Chapter 13 Voluntary Petition . Fee Amount $310 Filed by Salvador Mosqueda Summary of Schedules (Form B6 Pg 1) due 10/20/2014. Schedule B (Form B6B) due 10/20/2014. Schedule C (Form B6C) due 10/20/2014. Schedule E (Form B6E) due 10/20/2014. Schedule G (Form B6G) due 10/20/2014. Schedule H (Form B6H) due 10/20/2014. Schedule I (Form B6I) due 10/20/2014. |

| | | |
|---|---|---|
| 10/06/2014 | | Schedule J (Form B6J) due 10/20/2014. Declaration Concerning Debtors Schedules (Form B6) due 10/20/2014. Statement of Financial Affairs (Form B7) due 10/20/2014. Statement (Form B22C) Due: 10/20/2014. Chapter 13 Plan (LBR F3015-1) due by 10/20/2014. Cert. of Credit Counseling due by 10/20/2014. Statistical Summary (Form B6 Pg 2) due 10/20/2014. Debtor Certification of Employment Income due by 10/20/2014. Incomplete Filings due by 10/20/2014. (Aquino, Tommy) (Entered: 10/06/2014) |
| 10/06/2014 | 2 (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 11/26/2014 at 10:00 AM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. Confirmation hearing to be held on 12/16/2014 at 09:30 AM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. Proof of Claim due by 02/24/2015. (Aquino, Tommy) (Entered: 10/06/2014) |
| 10/06/2014 | 3 | Statement of Social Security Number(s) (Official Form B21) Filed by Debtor Salvador Mosqueda . (Aquino, Tommy) (Entered: 10/06/2014) |
| 10/06/2014 | | Receipt of Chapter 13 Filing Fee - $310.00 by 03. Receipt Number 10062679. (admin) (Entered: 10/07/2014) |
| 10/07/2014 | | Notice of Debtor's Prior Filings for debtor Salvador Mosqueda Case Number 10-13335, Chapter 7 filed in California Central Bankruptcy on 03/24/2010 , Standard Discharge on 04/15/2011; Case Number 08-17907, Chapter 13 filed in California Central Bankruptcy on 10/10/2008 , Dismissed for Other Reason on 12/07/2009.(Admin) (Entered: 10/07/2014) |
| 10/08/2014 | 4 (3 pgs) | BNC Certificate of Notice (RE: related document(s) 2 Meeting (AutoAssign Chapter 13)) No. of Notices: 6. Notice Date 10/08/2014. (Admin.) (Entered: 10/08/2014) |
| 10/08/2014 | 5 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Salvador Mosqueda) No. of Notices: 1. Notice Date 10/08/2014. (Admin.) (Entered: 10/08/2014) |

| | | |
|---|---|---|
| 10/08/2014 | [6](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s) [1](#) Voluntary Petition (Chapter 13) filed by Debtor Salvador Mosqueda) No. of Notices: 1. Notice Date 10/08/2014. (Admin.) (Entered: 10/08/2014) |
| 10/15/2014 | [7](#)<br>(3 pgs) | Order (1) Setting Status Conference; (2) Directing Compliance with Applicable Law; and (3) Requiring Debtor(s) to Explain why this case should not be converted or Dismissed with 180-day Bar to Refile. (Related Doc # [1](#) ) Signed on 10/15/2014 (Fisher, Liliana) (Entered: 10/15/2014) |
| 10/15/2014 | 8 | Hearing Set (Re: [1](#)) Status hearing to be held on 10/23/2014 at 09:00 AM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Maureen Tighe (Fisher, Liliana) (Entered: 10/15/2014) |
| 10/17/2014 | [9](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[7](#) Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 10/17/2014. (Admin.) (Entered: 10/17/2014) |
| 10/23/2014 | [10](#)<br>(3 pgs) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Jafarnia, Merdaud. (Jafarnia, Merdaud) (Entered: 10/23/2014) |
| 10/23/2014 | [11](#)<br>(2 pgs) | Request for courtesy Notice of Electronic Filing (NEF) *Americredit Financial Services, Inc. dba GM Financial* Filed by Hogan, James. (Hogan, James) (Entered: 10/23/2014) |
| 10/24/2014 | [12](#)<br>(2 pgs) | ORDER of dismissal with special restriction-period against re-filing a new bankruptcy case - **Debtor** Dismissed for 180-Days. (BNC-PDF)Barred Debtor Mosqueda, Salvador starting 10/24/2014 to 4/22/2015 Signed on 10/24/2014 (RE: related document(s)[1](#) Voluntary Petition (Chapter 13) filed by Debtor Salvador Mosqueda, [2](#) Meeting (AutoAssign Chapter 13), [7](#) Order (Generic) (BNC-PDF), 8 Hearing (Bk Other) Set). (Fisher, Liliana) (Entered: 10/24/2014) |
| 10/24/2014 | [13](#)<br>(1 pg) | Notice of dismissal (BNC) (Fisher, Liliana) (Entered: 10/24/2014) |
| | | |

CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)       Page 4 of 5
Case 1:18-bk-11531-MB   Doc 8   Filed 06/22/18   Entered 06/22/18 13:35:24   Desc
Main Document    Page 76 of 121

| | | |
|---|---|---|
| 10/26/2014 | 14<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s) 13 Notice of dismissal (BNC)) No. of Notices: 6. Notice Date 10/26/2014. (Admin.) (Entered: 10/26/2014) |
| 10/26/2014 | 15<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)12 ORDER of dismissal with special restriction-period against re-filing a new bankruptcy case (BNC-PDF)) No. of Notices: 1. Notice Date 10/26/2014. (Admin.) (Entered: 10/26/2014) |
| 11/03/2014 | 16<br>(3 pgs) | Chapter 13 Trustee's Final Report and Account . (Rojas (TR), Elizabeth (SV)) (Entered: 11/03/2014) |
| 11/03/2014 | 17<br>(1 pg) | Proof of service Filed by. (Rojas (TR), Elizabeth (SV)) (Entered: 11/03/2014) |
| 11/12/2014 | 18 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Toomer, Rosalind) (Entered: 11/12/2014) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/21/2018 15:33:24 | | |
| **PACER Login:** | wadetang:4469305:4170797 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 1:14-bk-14557-MT Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

1

2

3

4

5

6



FILED & ENTERED

OCT 24 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Fisher    DEPUTY CLERK

7

8

9

10

11

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

12

13    In re:

14    Salvador Mosqueda

15

16

17

18                              Debtor(s).

19

20

Case No.: 1:14-bk-14557-MT

CHAPTER 13

**ORDER DISMISSING BANKRUPTCY
CASE WITH 180-DAY BAR TO REFILING
PURSUANT TO ORDER SETTING STATUS
CONFERENCE**

Date:        October 23, 2014
Time:        9:00 AM
Courtroom:  302

21          A hearing in the above-referenced bankruptcy case was held at the above date

22    and time on the Order Setting Status Conference (1) Directing Compliance with

23    Applicable Law; and (2) Requiring Debtor(s) to Explain why this Case Should not be

24    Converted or Dismissed with 180-Day Bar to Refiling, pursuant to 11 U.S.C. §105(d)(1).

25    After no appearance was made by Debtor, and finding good cause,

26    //

27    //

28

1       **IT IS HEREBY ORDERED** that the above-referenced bankruptcy case is

2 DISMISSED with a 180-day bar to refiling.

3                                           ###

Date: October 24, 2014

Maureen A. Tighe
United States Bankruptcy Judge

EXHIBIT "H"

**Repeat-cacb, Incomplete, PlnDue, CLOSED, RepeatPACER, PRIORBAR, DISMISSED**

# U.S. Bankruptcy Court
## Central District of California (San Fernando Valley)
## Bankruptcy Petition #: 1:14-bk-15171-VK

|  |  |
|---|---|
| | *Date filed:* 11/17/2014 |
| *Assigned to:* Victoria S. Kaufman | *Date terminated:* 01/16/2015 |
| Chapter 13 | *Debtor dismissed:* 12/26/2014 |
| Voluntary | *341 meeting:* 01/07/2015 |
| Asset | |

*Debtor disposition:* Dismissed for Other Reason

**Debtor**                                              represented by **Salvador Mosqueda**
**Salvador Mosqueda**                                                   PRO SE
5554 Sedan Ave
Woodland Hills, CA 91367
LOS ANGELES-CA
818-570-2183
SSN / ITIN: xxx-xx-5607

**Trustee**
**Elizabeth (SV) F Rojas (TR)**
Valley Executive Center
15260 Ventura Blvd., Suite 710
Sherman Oaks, CA 91403
818-933-5700

**U.S. Trustee**
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| | [1](#)<br>(24 pgs; 3 docs) | Chapter 13 Voluntary Petition . Fee Amount $310 Filed by Salvador Mosqueda Summary of Schedules (Form B6 Pg 1) due 12/1/2014. Schedule A (Form B6A) due 12/1/2014. Schedule B (Form B6B) due 12/1/2014. Schedule C (Form B6C) due 12/1/2014. Schedule D (Form B6D) due 12/1/2014. Schedule E (Form B6E) due 12/1/2014. Schedule G (Form B6G) due 12/1/2014. Schedule H (Form B6H) due |

| | | |
|---|---|---|
| 11/17/2014 | | 12/1/2014. Schedule I (Form B6I) due 12/1/2014. Schedule J (Form B6J) due 12/1/2014. Declaration Concerning Debtors Schedules (Form B6) due 12/1/2014. Statement of Financial Affairs (Form B7) due 12/1/2014. Statement (Form B22C) Due: 12/1/2014. Chapter 13 Plan (LBR F3015-1) due by 12/1/2014. Cert. of Credit Counseling due by 12/1/2014. Statistical Summary (Form B6 Pg 2) due 12/1/2014. Debtor Certification of Employment Income due by 12/1/2014. Incomplete Filings due by 12/1/2014. (Bever, Sabine) (Entered: 11/17/2014) |
| 11/17/2014 | 2 (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 01/07/2015 at 10:00 AM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. Confirmation hearing to be held on 02/10/2015 at 09:30 AM at Crtrm 301, 21041 Burbank Blvd, Woodland Hills, CA 91367. Proof of Claim due by 04/07/2015. (Bever, Sabine) (Entered: 11/17/2014) |
| 11/17/2014 | 3 | Statement of Social Security Number(s) (Official Form B21) Filed by Debtor Salvador Mosqueda . (Bever, Sabine) (Entered: 11/17/2014) |
| 11/17/2014 | | Receipt of Chapter 13 Filing Fee - $310.00 by 22. Receipt Number 10063055. (admin) (Entered: 11/18/2014) |
| 11/18/2014 | | Notice of Debtor's Prior Filings for debtor Salvador Mosqueda Case Number 10-13335, Chapter 7 filed in California Central Bankruptcy on 03/24/2010 , Standard Discharge on 04/15/2011; Case Number 14-14557, Chapter 13 filed in California Central Bankruptcy on 10/06/2014 , Dismissed for Other Reason on 10/24/2014; Case Number 08-17907, Chapter 13 filed in California Central Bankruptcy on 10/10/2008 , Dismissed for Other Reason on 12/07/2009.(Admin) (Entered: 11/18/2014) |
| 11/18/2014 | | ** Debtor xxx-xx-5607 - Mosqueda, Salvador is barred from filing by California Central Bankruptcy from 10/24/2014 through 04/22/2015 in case number 14-14557 per document 12.(Admin) (Entered: 11/18/2014) |
| | 4 (3 pgs) | BNC Certificate of Notice (RE: related document(s) 2 Meeting (AutoAssign Chapter 13)) No. of Notices: |

CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)       Page 3 of 4
Case 1:18-bk-11531-MB   Doc 8   Filed 06/22/18   Entered 06/22/18 13:35:24   Desc
Main Document    Page 82 of 121

| | | |
|---|---|---|
| 11/19/2014 | | 6. Notice Date 11/19/2014. (Admin.) (Entered: 11/19/2014) |
| 11/19/2014 | 5 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Salvador Mosqueda) No. of Notices: 1. Notice Date 11/19/2014. (Admin.) (Entered: 11/19/2014) |
| 11/19/2014 | 6 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Salvador Mosqueda) No. of Notices: 1. Notice Date 11/19/2014. (Admin.) (Entered: 11/19/2014) |
| 11/25/2014 | 7 (2 pgs) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Wong, Jennifer. (Wong, Jennifer) (Entered: 11/25/2014) |
| 12/09/2014 | 8 (2 pgs) | Request for courtesy Notice of Electronic Filing (NEF) *Americredit Financial Services Inc. dba GM Financ.* Filed by Hogan, James. (Hogan, James) (Entered: 12/09/2014) |
| 12/26/2014 | 9 (2 pgs) | Order Dismissing Case In Accordance with Prior 180 Day Bar. - **Debtor** Dismissed (BNC-PDF). Signed on 12/26/2014 (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Salvador Mosqueda, 2 Meeting (AutoAssign Chapter 13)). (Briggs, Victoria) (Entered: 12/26/2014) |
| 12/28/2014 | 10 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)9 Order Dismissing Case (BNC-PDF)) No. of Notices: 1. Notice Date 12/28/2014. (Admin.) (Entered: 12/28/2014) |
| 01/15/2015 | 11 (3 pgs) | Chapter 13 Trustee's Final Report and Account . (Rojas (TR), Elizabeth (SV)) (Entered: 01/15/2015) |
| 01/15/2015 | 12 (1 pg) | Proof of service Filed by. (Rojas (TR), Elizabeth (SV)) (Entered: 01/15/2015) |
| | 13 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court |

| | | |
|---|---|---|
| 01/16/2015 | | continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Toomer, Rosalind) (Entered: 01/16/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/21/2018 16:10:06 | | | |
| **PACER Login:** | wadetang:4469305:4170797 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:14-bk-15171-VK Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

FILED & ENTERED

DEC 26 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Briggs    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SN FERNANDO VALLEY DIVISION

In re:

Salvador Mosqueda

Debtor(s).

Case No.: 1:14-bk-15171-VK

CHAPTER 13

**ORDER DISMISSING CASE IN
ACCORDANCE WITH PRIOR BAR**

[No Hearing Held]

On November 17, 2014, Salvador Mosqueda (the "debtor") filed a chapter 13 petition, case number 1:14-bk-15171-VK (the "current case"). Previously, on October 6, 2014, the debtor filed a chapter 13 petition, case number 1:14-14557-MT (the "prior case"). On October 24, 2014, the Court held a status conference in the prior case directing the debtor to: (1) comply with applicable law and; (2) explain why the case should not be converted or dismissed with a 180-day bar to refiling. No appearances were made, and the Court finding good cause, dismissed the debtor's prior case with a 180-day bar by order entered October 24, 2014 [doc. 12]. The Court having reviewed the record of the prior case, it is hereby

///

1     ORDERED, that the current case is dismissed in accordance with the prior bar.

2     ###

Date: December 26, 2014

Victoria S. Kaufman
United States Bankruptcy Judge

# EXHIBIT "I"

CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)    Page 1 of 4
Case 1:18-bk-11531-MB Doc 8 Filed 06/22/18 Entered 06/22/18 13:35:24 Desc
Main Document  Page 87 of 121

BPP, DISMISSED, Repeat-cacb, PlnDue, Incomplete, RepeatPACER, CLOSED

# U.S. Bankruptcy Court
## Central District of California (San Fernando Valley)
### Bankruptcy Petition #: 1:15-bk-12287-VK

|  |  |
|---|---|
| | *Date filed:* 07/02/2015 |
| *Assigned to:* Victoria S. Kaufman | *Date terminated:* 09/11/2015 |
| Chapter 13 | *Debtor dismissed:* 07/22/2015 |
| Voluntary | *341 meeting:* 08/19/2015 |
| Asset | |

*Debtor disposition:* Dismissed for Failure to File
Information

| | |
|---|---|
| ***Debtor*** | represented by **Salvador Mosqueda** |
| **Salvador Mosqueda** | PRO SE |
| 5554 Sedan Ave | |
| Woodland Hills, CA 91367 | |
| LOS ANGELES-CA | |
| 818-570-2183 | |
| SSN / ITIN: xxx-xx-5607 | |

***Trustee***
**Elizabeth (SV) F Rojas (TR)**
Valley Executive Center
15260 Ventura Blvd., Suite 710
Sherman Oaks, CA 91403
818-933-5700

***U.S. Trustee***
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| | <u>1</u><br>(28 pgs; 3 docs) | Chapter 13 Voluntary Petition . Fee Amount $310 Filed by Salvador Mosqueda Summary of Schedules (Form B6 Pg 1) due 7/16/2015. Schedule B (Form B6B) due 7/16/2015. Schedule C (Form B6C) due 7/16/2015. Schedule E (Form B6E) due 7/16/2015. Schedule G (Form B6G) due 7/16/2015. Schedule H (Form B6H) due 7/16/2015. Schedule I (Form B6I) |

| | | |
|---|---|---|
| 07/02/2015 | | due 7/16/2015. Schedule J (Form B6J) due 7/16/2015. Declaration Concerning Debtors Schedules (Form B6) due 7/16/2015. Statement of Financial Affairs (Form B7) due 7/16/2015. Chapter 13 Plan (LBR F3015-1) due by 7/16/2015. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form B22C-1) Due: 7/16/2015. Chapter 13 Calculation of Your Disposable Income (Form B22C-2) Due: 7/16/2015. Cert. of Credit Counseling due by 7/16/2015. Statistical Summary (Form B6 Pg 2) due 7/16/2015. Debtor Certification of Employment Income due by 7/16/2015. Incomplete Filings due by 7/16/2015. (Kinsley, Terri) (Entered: 07/02/2015) |
| 07/02/2015 | 2 (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 08/19/2015 at 09:00 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. Confirmation hearing to be held on 09/08/2015 at 09:00 AM at Crtrm 301, 21041 Burbank Blvd, Woodland Hills, CA 91367. Proof of Claim due by 11/17/2015. (Kinsley, Terri) (Entered: 07/02/2015) |
| 07/02/2015 | 3 | Statement of Social Security Number(s) (Official Form B21) Filed by Debtor Salvador Mosqueda . (Kinsley, Terri) (Entered: 07/02/2015) |
| 07/02/2015 | | Receipt of Chapter 13 Filing Fee - $310.00 by 16. Receipt Number 10064987. (admin) (Entered: 07/03/2015) |
| 07/03/2015 | | Notice of Debtor's Prior Filings for debtor Salvador Mosqueda Case Number 10-13335, Chapter 7 filed in California Central Bankruptcy on 03/24/2010 , Standard Discharge on 04/15/2011; Case Number 14-14557, Chapter 13 filed in California Central Bankruptcy on 10/06/2014 , Dismissed for Other Reason on 10/24/2014; Case Number 08-17907, Chapter 13 filed in California Central Bankruptcy on 10/10/2008 , Dismissed for Other Reason on 12/07/2009; Case Number 14-15171, Chapter 13 filed in California Central Bankruptcy on 11/17/2014 , Dismissed for Other Reason on 12/26/2014.(Admin) (Entered: 07/03/2015) |
| | 4 (3 pgs) | BNC Certificate of Notice (RE: related document(s) 2 Meeting (AutoAssign Chapter 13)) No. of Notices: |

| | | |
|---|---|---|
| 07/04/2015 | | 7. Notice Date 07/04/2015. (Admin.) (Entered: 07/04/2015) |
| 07/04/2015 | 5 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Salvador Mosqueda) No. of Notices: 1. Notice Date 07/04/2015. (Admin.) (Entered: 07/04/2015) |
| 07/04/2015 | 6 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Salvador Mosqueda) No. of Notices: 1. Notice Date 07/04/2015. (Admin.) (Entered: 07/04/2015) |
| 07/22/2015 | 7 (1 pg) | ORDER and notice of dismissal for failure to file schedules, statements, and/or plan - **Debtor** Dismissed. (BNC) Signed on 7/22/2015 (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Salvador Mosqueda). (Toomer, Rosalind) (Entered: 07/22/2015) |
| 07/24/2015 | 8 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 7 ORDER and notice of dismissal for failure to file schedules, statements, and/or plan (Option A or Option B) (BNC)) No. of Notices: 6. Notice Date 07/24/2015. (Admin.) (Entered: 07/24/2015) |
| 07/29/2015 | 9 (3 pgs) | Chapter 13 Trustee's Final Report and Account . (Rojas (TR), Elizabeth (SV)) (Entered: 07/29/2015) |
| 07/29/2015 | 10 (1 pg) | Proof of service Filed by. (Rojas (TR), Elizabeth (SV)) (Entered: 07/29/2015) |
| 07/31/2015 | 11 (2 pgs) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Hogan, James. (Hogan, James) (Entered: 07/31/2015) |
| 09/11/2015 | 12 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (RE: related document(s)2 Meeting (AutoAssign Chapter 13)) (Toomer, Rosalind) (Entered: 09/11/2015) |

EXHIBIT "J"

**Repeat-cacb, Incomplete, RepeatPACER, NODISCH, DISMISSED, CLOSED**

# U.S. Bankruptcy Court
## Central District of California (San Fernando Valley)
### Bankruptcy Petition #: 1:16-bk-12156-VK

|  |  |
|---|---|
| | *Date filed:* 07/27/2016 |
| *Assigned to:* Victoria S. Kaufman | *Date terminated:* 11/15/2016 |
| Chapter 7 | *Debtor dismissed:* 09/19/2016 |
| Voluntary | *341 meeting:* 09/26/2016 |
| No asset | *Deadline for objecting to discharge:* 10/28/2016 |
| | *Deadline for financial mgmt. course:* 10/28/2016 |

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| ***Debtor*** | represented by **Salvador Mosqueda** |
| **Salvador Mosqueda** | PRO SE |
| 5554 Sedan Ave | |
| Woodland Hills, CA 91367 | |
| LOS ANGELES-CA | |
| 818-570-2183 | |
| SSN / ITIN: xxx-xx-5607 | |

***Trustee***
**Diane C Weil (TR)**
1900 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
(310) 277-0077

***U.S. Trustee***
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| | [1](#)<br>(11 pgs; 3 docs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $335 Filed by Salvador Mosqueda Statement of Intention for Individuals Filing Under Chapter 7 (Form 108) due 8/26/2016. Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 8/10/2016. Schedule A/B: Property (Form 106A/B or 206A/B) due 8/10/2016. Schedule C: The Property You Claim as Exempt (Form 106C) due 8/10/2016. Schedule D: Creditors Who Have Claims |

| | | |
|---|---|---|
| 07/27/2016 | | Secured by Property (Form 106D or 206D) due 8/10/2016. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 8/10/2016. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 8/10/2016. Schedule H: Your Codebtors (Form 106H or 206H) due 8/10/2016. Schedule I: Your Income (Form 106I) due 8/10/2016. Schedule J: Your Expenses (Form 106J) due 8/10/2016. Declaration About an Individual Debtors Schedules (Form 106Dec) due 8/10/2016. Statement of Financial Affairs (Form 107 or 207) due 8/10/2016. Chapter 7 Statement of Your Current Monthly Income (Form 122A-1) Due: 8/10/2016. Statement of Exemption from Presumption of Abuse (Form 122A-1Supp) Due: 8/10/2016. Chapter 7 Means Test Calculation (Form 122A-2) Due: 8/10/2016. Cert. of Credit Counseling due by 8/10/2016. Statement of Related Cases (LBR Form F1015-2) due 8/10/2016. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 8/10/2016. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 8/10/2016. Incomplete Filings due by 8/10/2016. (Gasparian, Ana) (Entered: 07/27/2016) |
| 07/27/2016 | 2 (3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 08/29/2016 at 09:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. Objections for Discharge due by 10/28/2016. Cert. of Financial Management due by 10/28/2016 for Debtor and Joint Debtor (if joint case) (Gasparian, Ana) (Entered: 07/27/2016) |
| 07/27/2016 | 3 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Salvador Mosqueda . (Gasparian, Ana) Additional attachment (s) added on 7/28/2016 (Gasparian, Ana). (Entered: 07/27/2016) |
| 07/27/2016 | | Receipt of Chapter 7 Filing Fee - $335.00 by 01. Receipt Number 10068121. (admin) (Entered: 07/28/2016) |
| | | Notice of Debtor's Prior Filings for debtor Salvador Mosqueda Case Number 10-13335, Chapter 7 filed |

| | | |
|---|---|---|
| 07/28/2016 | | in California Central Bankruptcy on 03/24/2010 , Standard Discharge on 04/15/2011; Case Number 14-14557, Chapter 13 filed in California Central Bankruptcy on 10/06/2014 , Dismissed for Other Reason on 10/24/2014; Case Number 08-17907, Chapter 13 filed in California Central Bankruptcy on 10/10/2008 , Dismissed for Other Reason on 12/07/2009; Case Number 14-15171, Chapter 13 filed in California Central Bankruptcy on 11/17/2014 , Dismissed for Other Reason on 12/26/2014; Case Number 15-12287, Chapter 13 filed in California Central Bankruptcy on 07/02/2015 , Dismissed for Failure to File Information on 07/22/2015.(Admin) (Entered: 07/28/2016) |
| 07/28/2016 | 4 (1 pg) | Notice of non-entitlement to discharge pursuant to 11 U.S.C. Section 727(a)(8) or (9) (BNC) (Remy, Johanne) (Entered: 07/28/2016) |
| 07/29/2016 | 5 (4 pgs) | BNC Certificate of Notice (RE: related document(s) 2 Meeting (AutoAssign Chapter 7)) No. of Notices: 3. Notice Date 07/29/2016. (Admin.) (Entered: 07/29/2016) |
| 07/29/2016 | 6 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 7) filed by Debtor Salvador Mosqueda) No. of Notices: 1. Notice Date 07/29/2016. (Admin.) (Entered: 07/29/2016) |
| 07/29/2016 | 7 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 7) filed by Debtor Salvador Mosqueda) No. of Notices: 1. Notice Date 07/29/2016. (Admin.) (Entered: 07/29/2016) |
| 07/30/2016 | 8 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 4 Notice of non-entitlement to discharge pursuant to 11 U.S.C. Section 727(a)(8) or (9) (BNC)) No. of Notices: 3. Notice Date 07/30/2016. (Admin.) (Entered: 07/30/2016) |
| | 9 (18 pgs; 3 docs) | Motion to Dismiss Case for Abuse and Notice of Motion (BNC) *Notice Of Motion And Motion To Dismiss Case Pursuant To 11 U.S.C. §§ 707(a) And 727(a)(8); Memorandum Of Points And Authorities; Declaration Of Alfred Cooper In Support Thereof* Filed by United States Trustee. (Attachments: # 1 |

| | | |
|---|---|---|
| 08/08/2016 | | Affidavit POS)(united states trustee (kcb)) (Entered: 08/08/2016) |
| 08/08/2016 | 10 | Hearing Set (RE: related document(s)9 Dismiss Case for Abuse and Notice of Motion (BNC)) The Hearing date is set for 9/15/2016 at 01:00 PM at Crtrm 301, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Victoria S. Kaufman (Bever, Sabine) (Entered: 08/08/2016) |
| 08/09/2016 | 11 (2 pgs) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) *AmeriCredit Financial Services, Inc. dba GM Financial* Filed by Youngblood, Mandy. (Youngblood, Mandy) (Entered: 08/09/2016) |
| 08/10/2016 | 12 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 9 Dismiss Case for Abuse and Notice of Motion (BNC)) No. of Notices: 3. Notice Date 08/10/2016. (Admin.) (Entered: 08/10/2016) |
| 08/30/2016 | 13 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 09/26/16 at 10:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. Debtor absent. (Weil (TR), Diane) (Entered: 08/30/2016) |
| 09/19/2016 | 14 (2 pgs) | Order Granting Motion to Dismiss Case for Abuse **Debtor** Dismissed (BNC-PDF). (Related Doc # 9) Signed on 9/19/2016. (Bever, Sabine) (Entered: 09/19/2016) |
| 09/21/2016 | 15 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)14 Order on Motion to Dismiss Case for Abuse (BNC-PDF)) No. of Notices: 1. Notice Date 09/21/2016. (Admin.) (Entered: 09/21/2016) |
| | | Chapter 7 Trustee's Report of No Distribution: I, Diane Weil (TR), having been appointed trustee of the estate of the above-named debtor(s), report that this case was dismissed or converted. I have neither received any property nor paid any monies on account of this estate. I hereby certify that the chapter 7 estate of the above-named debtor(s) has |

| | | |
|---|---|---|
| 09/29/2016 | | been fully administered through the date of conversion or dismissal. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 0 months. Assets Abandoned (without deducting any secured claims): Not Applicable, Assets Exempt: Not Applicable, Claims Scheduled: Not Applicable, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): Not Applicable. Filed by Trustee Diane Weil (TR) (RE: related document(s)2 Meeting of Creditors with 341(a) meeting to be held on 08/29/2016 at 09:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. Objections for Discharge due by 10/28/2016. Cert. of Financial Management due by 10/28/2016 for Debtor and Joint Debtor (if joint case)). (Weil (TR), Diane) (Entered: 09/29/2016) |
| 11/15/2016 | 16 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Salvador Mosqueda, 2 Meeting (AutoAssign Chapter 7)) (Kinsley, Terri) (Entered: 11/15/2016) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/21/2018 16:24:30 | | | |
| PACER Login: | wadetang:4469305:4170797 | Client Code: | 1:16-bk-12156-VK Fil or Ent: filed Doc From: 0 Doc To: |

# EXHIBIT "K"

**CLOSED, NODISCH, Repeat-cacb, Incomplete, RepeatPACER, BARDEBTOR, RestrictedDISMISSED**

# U.S. Bankruptcy Court
## Central District of California (San Fernando Valley)
### Bankruptcy Petition #: 1:17-bk-10372-MB

|  |  |
|---|---|
| *Date filed:* | 02/14/2017 |
| *Date terminated:* | 05/11/2017 |
| *Debtor dismissed:* | 04/10/2017 |
| *341 meeting:* | 04/21/2017 |
| *Deadline for objecting to discharge:* | 05/16/2017 |
| *Deadline for financial mgmt. course:* | 05/16/2017 |

*Assigned to:* Martin R. Barash
Chapter 7
Voluntary
No asset

*Debtor disposition:* Dismissed for Abuse

| *Debtor* | represented by **Salvador Mosqueda** |
|---|---|
| **Salvador Mosqueda** | PRO SE |
| 5554 Sedan Ave | |
| Woodland Hills, CA 91367 | |
| LOS ANGELES-CA | |
| 818-570-2183 | |
| SSN / ITIN: xxx-xx-5607 | |

*Trustee*
**Diane C Weil (TR)**
1900 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
(310) 277-0077

*U.S. Trustee*
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
|  | [1](#)<br>(13 pgs; 3 docs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $335 Filed by Salvador Mosqueda Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 2/28/2017. Schedule A/B: Property (Form 106A/B or 206A/B) due 2/28/2017. Schedule C: The Property You Claim as Exempt (Form 106C) due 2/28/2017. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 2/28/2017. Schedule E/F: Creditors Who Have |

| | | |
|---|---|---|
| 02/14/2017 | | Unsecured Claims (Form 106E/F or 206E/F) due 2/28/2017. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 2/28/2017. Schedule H: Your Codebtors (Form 106H or 206H) due 2/28/2017. Schedule I: Your Income (Form 106I) due 2/28/2017. Schedule J: Your Expenses (Form 106J) due 2/28/2017. Declaration About an Individual Debtors Schedules (Form 106Dec) due 2/28/2017. Statement of Financial Affairs (Form 107 or 207) due 2/28/2017. Chapter 7 Statement of Your Current Monthly Income (Form 122A-1) Due: 2/28/2017. Statement of Exemption from Presumption of Abuse (Form 122A-1Supp) Due: 2/28/2017. Chapter 7 Means Test Calculation (Form 122A-2) Due: 2/28/2017. Cert. of Credit Counseling due by 2/28/2017. Statement of Related Cases (LBR Form F1015-2) due 2/28/2017. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 2/28/2017. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 2/28/2017. Incomplete Filings due by 2/28/2017. (Bever, Sabine) (Entered: 02/14/2017) |
| 02/14/2017 | [2](#) (3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 03/17/2017 at 09:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. Objections for Discharge due by 05/16/2017. Cert. of Financial Management due by 05/16/2017 for Debtor and Joint Debtor (if joint case) (Bever, Sabine) (Entered: 02/14/2017) |
| 02/14/2017 | [3](#) | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Salvador Mosqueda . (Bever, Sabine) (Entered: 02/14/2017) |
| 02/14/2017 | | Receipt of Chapter 7 Filing Fee - $335.00 by 22. Receipt Number 10069542. (admin) (Entered: 02/14/2017) |
| | | Notice of Debtor's Prior Filings for debtor Salvador Mosqueda Case Number 10-13335, Chapter 7 filed in California Central Bankruptcy on 03/24/2010 , Standard Discharge on 04/15/2011; Case Number 14-14557, Chapter 13 filed in California Central Bankruptcy on 10/06/2014 , Dismissed for Other |

| | | |
|---|---|---|
| 02/15/2017 | | Reason on 10/24/2014; Case Number 16-12156, Chapter 7 filed in California Central Bankruptcy on 07/27/2016 , Dismissed for Other Reason on 09/19/2016; Case Number 08-17907, Chapter 13 filed in California Central Bankruptcy on 10/10/2008 , Dismissed for Other Reason on 12/07/2009; Case Number 14-15171, Chapter 13 filed in California Central Bankruptcy on 11/17/2014 , Dismissed for Other Reason on 12/26/2014; Case Number 15-12287, Chapter 13 filed in California Central Bankruptcy on 07/02/2015 , Dismissed for Failure to File Information on 07/22/2015.(Admin) (Entered: 02/15/2017) |
| 02/15/2017 | 4 (1 pg) | Notice of non-entitlement to discharge pursuant to 11 U.S.C. Section 727(a)(8) or (9) (BNC) (Remy, Johanne) (Entered: 02/15/2017) |
| 02/16/2017 | 5 (4 pgs) | BNC Certificate of Notice (RE: related document(s) 2 Meeting (AutoAssign Chapter 7)) No. of Notices: 2. Notice Date 02/16/2017. (Admin.) (Entered: 02/16/2017) |
| 02/16/2017 | 6 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 7) filed by Debtor Salvador Mosqueda) No. of Notices: 1. Notice Date 02/16/2017. (Admin.) (Entered: 02/16/2017) |
| 02/16/2017 | 7 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 7) filed by Debtor Salvador Mosqueda) No. of Notices: 1. Notice Date 02/16/2017. (Admin.) (Entered: 02/16/2017) |
| 02/17/2017 | 8 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 4 Notice of non-entitlement to discharge pursuant to 11 U.S.C. Section 727(a)(8) or (9) (BNC)) No. of Notices: 3. Notice Date 02/17/2017. (Admin.) (Entered: 02/17/2017) |
| 02/22/2017 | 9 (2 pgs) | Request for courtesy Notice of Electronic Filing (NEF) *AmeriCredit Financial Services, Inc. dba GM Financial* Filed by Youngblood, Mandy. (Youngblood, Mandy) (Entered: 02/22/2017) |
| | 10 | Motion to Dismiss Case for Abuse and Notice of |

| | | |
|---|---|---|
| 03/01/2017 | (71 pgs; 2 docs) | Motion (BNC) *Pursuant to 11 U.S.C. § 707(b)(3)(A) with a One-Year Bar to Refiling Pursuant to 11 U.S.C. §§ 105(a) and 349(a); Memorandum of Points and Authorities; Declaration of Sandra A. Cruz In Support Thereof with proof of service* Filed by U.S. Trustee United States Trustee (SV). (united states trustee (kcb)) (Entered: 03/01/2017) |
| 03/01/2017 | 11 | Hearing Set (RE: related document(s)10 Dismiss Case for Abuse and Notice of Motion (BNC) filed by U.S. Trustee United States Trustee (SV)) The Hearing date is set for 3/29/2017 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Garcia, Patty) (Entered: 03/01/2017) |
| 03/03/2017 | 12 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 10 Dismiss Case for Abuse and Notice of Motion (BNC) filed by U.S. Trustee United States Trustee (SV)) No. of Notices: 3. Notice Date 03/03/2017. (Admin.) (Entered: 03/03/2017) |
| 03/05/2017 | 13 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Smith, Valerie. (Smith, Valerie) (Entered: 03/05/2017) |
| 03/22/2017 | 14 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 04/21/17 at 10:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. Debtor absent. (Weil (TR), Diane) (Entered: 03/22/2017) |
| 03/31/2017 | 15 | Hearing Held: 3/29/17 Ruling: Motion Granted (RE: related document(s)10 Dismiss Case for Abuse and Notice of Motion (BNC) filed by U.S. Trustee United States Trustee (SV)) (Reaves, Kelly) (Entered: 03/31/2017) |
| | 16 (2 pgs) | ORDER of dismissal with special restriction-period against re-filing a new bankruptcy case - **Debtor** Dismissed for 1 year. (BNC-PDF)Barred Debtor Mosqueda, Salvador starting 4/10/2017 to 4/10/2018 Signed on 4/10/2017 (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Salvador Mosqueda, 2 Meeting (AutoAssign Chapter 7), 10 Dismiss Case for Abuse and Notice |

| | | |
|---|---|---|
| 04/10/2017 | | of Motion (BNC) filed by U.S. Trustee United States Trustee (SV)). (Garcia, Patty) (Entered: 04/10/2017) |
| 04/10/2017 | 17 (1 pg) | Notice of dismissal with restriction for against debtor's refilling - 1 year bar. (BNC) (Garcia, Patty) (Entered: 04/10/2017) |
| 04/12/2017 | 18 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 17 Notice of dismissal with restriction for against debtor's refiling (BNC)) No. of Notices: 3. Notice Date 04/12/2017. (Admin.) (Entered: 04/12/2017) |
| 04/12/2017 | 19 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)16 ORDER of dismissal with special restriction-period against re-filing a new bankruptcy case (BNC-PDF)) No. of Notices: 1. Notice Date 04/12/2017. (Admin.) (Entered: 04/12/2017) |
| 04/20/2017 | | Chapter 7 Trustee's Report of No Distribution: I, Diane C Weil (TR), having been appointed trustee of the estate of the above-named debtor(s), report that this case was dismissed or converted. I have neither received any property nor paid any monies on account of this estate. I hereby certify that the chapter 7 estate of the above-named debtor(s) has been fully administered through the date of conversion or dismissal. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 0 months. Assets Abandoned (without deducting any secured claims): Not Applicable, Assets Exempt: Not Applicable, Claims Scheduled: Not Applicable, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): Not Applicable. Filed by Trustee Diane C Weil (TR) (RE: related document(s)2 Meeting of Creditors with 341(a) meeting to be held on 03/17/2017 at 09:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. Objections for Discharge due by 05/16/2017. Cert. of Financial Management due by 05/16/2017 for Debtor and Joint Debtor (if joint case)). (Weil (TR), Diane) (Entered: 04/20/2017) |

| | 20 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Toomer, Rosalind) (Entered: 05/11/2017) |
| 05/11/2017 | | |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/21/2018 16:30:00 | | |
| **PACER Login:** wadetang:4469305:4170797 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 1:17-bk-10372-MB Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** 3 | **Cost:** | 0.30 |

EXHIBIT "L"

**This page is part of your document - DO NOT DISCARD**



# 20090390659

**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**03/18/09 AT 01:21PM**

| | |
|---|---|
| FEES: | 22.00 |
| TAXES: | 0.00 |
| OTHER: | 0 00 |
| PAID: | 22 00 |



**L E A D S H E E T**





**SEQ:**
**01**

**DAR - Counter (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**



Parcel No 3142-005-037
Escrow No
Loan No

WHEN RECORDED MAIL TO
Salvador Mosqueda
Veronica Mosqueda
5554 Sedan Ave
Woodland Hills, CA 91367

03/18/2009

*20090390659*

SPACE ABOVE THIS LINE FOR RECORDER'S USE

DOCUMENTARY TRANSFER TAX $    0 00
Computed on the consideration or value of property conveyed  OR
Computed on the consideration or value less liens or encumbrances
remaining at time of sale

Signature of Declarant or Agent determining Tax --Firm Name

## QUITCLAIM DEED

THIS QUITCLAIM DEED, Executed this 28th day of October, 2008 by first party, Salvador Mosqueda and Second Party, Veronica Mosqueda (Husband and Wife), whose post office address is in Woodland Hills, CA

WITNESSETH, That the said second party, for good consideration, does hereby remise, release and Quitclaim unto the said first party's forever, all the right, title, interest and claim which the said second party has and to the following described parcel of land, and improvements and appurtenances there to in the County of Los Angeles, State of California to wit

5554 Sedan Ave
Woodland Hills, CA 91367

The following described real property in the County of Los Angeles, State of California
AP 2042 003 0607
LOT 1 OF TRACT NO 31983 IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 848, PAGES 89 AND 90 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

"This is a Bonafide Gift  Grantor is Receiving nothing in Return  R & T 11911 "

IN WITNESS WHERE OF, The said Second party has signed and sealed these presents the day and year first above written

Signed, sealed and delivered in presence of

SALVADOR MOSQUEDA                          VERONICA MOSQUEDA
(FIRST PARTY)                              (SECOND PARTY)

STATE OF California
COUNTY OF Los Angeles

On  October 28th, 2008, before me, Karla P Barahona, a Notary Public, personally appeared Salvador Mosqueda and Veronica Mosqueda, proved to me on the basis of satisfactory evidence to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacities, and that by their signatures on the instrument the persons, or the entity upon behalf of which the persons acted, executed the instrument

WITNESS my hand and official seal

Signature  Karla P. Barahona

KARLA P BARAHONA
Commission # 1808872
Notary Public - California
Los Angeles County
My Comm Expires Aug 9, 2012

State of _California_

County of _Los Angeles_

On _October 28, 2008_ before me, _Karla P Barahona_ Notary Public

personally appeared _Salvador Mosqueda_ & _Veronica Mosqueda_

who proved to me on the basis of satisfactory evidence to be

the person(s) whose name(s) is/are subscribed to the within instrument and

acknowledged to me that he/she/they executed the same in his/her/their authorized

capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),

or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

Witness my hand and official seal

Signature _Karla P. Barahona_          (seal)

KARLA P. BARAHONA
Commission # 1808872
Notary Public - California
Los Angeles County
My Comm Expires Aug 9, 2012

EXHIBIT "M"



This page is part of your document - DO NOT DISCARD



# 20170714019



**Pages:**
**0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**06/27/17 AT 04:59PM**

| | |
|---|---|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 28.00 |

**L E A D S H E E T**

**SEQ:
01**

DAR - Counter (Upfront Scan)

**THIS FORM IS NOT TO BE DUPLICATED**

E502904

**RECORDING REQUESTED BY:**



06/27/2017

*20170714019*

**AND WHEN RECORDED MAIL TO:**

SALVADOR MOSQUEDA AND JORGE ROMERO II
5554 SEDAN AVE
WOODLAND HILLS, CA 91367

THIS SPACE FOR RECORDER'S USE ONLY:

## QUITCLAIM DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
    **DOCUMENTARY TRANSFER TAX is $NONE   CITY TRANSFER TAX $NONE**
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of LOS ANGELES AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**SALVADOR MOSQUEDA, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY**

do(es) hereby remise, release and forever quitclaim to:

**SALVADOR MOSQUEDA, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY AND JORGE
ROMERO II, A SINGLE MAN**

the real property in the City of LOS ANGELES, County of LOS ANGELES, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF

A.P. #2042-003-060
Also Known as:  5554 SEDAN AVE, WOODLAND HILLS, CA 91367

"This is a bonafide gift and the grantor received nothing in return, R & T 11911."

**DATED June 13, 2017**

SALVADOR MOSQUEDA

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
On 06-26-2017 before me, ANA GRECIA PABELLO AVINA        A  Notary  Public
personally appeared SALVADOR MOSQUEDA                  who proved to me on
the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.
WITNESS my hand and official seal.

Signature _____ (Seal)

ANA GRECIA PABELLO AVINA
Commission # 2128393
Notary Public - California
Los Angeles County
My Comm. Expires Sep 28, 2019

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE:

$EXHIBIT - A.$

LOT 1 OF tract NO 31983 In the county of Los Angeles State
OF Cailfornia AS PER MAP RECORDED IN BOOK 848, Pages
89 AND 90 OF MAPS IN THE OFFICE OF THE COUNTY
RECORER OF SAID COUNTY.

EXHIBIT "N"

**CLOSED, DISMISSED**

# U.S. Bankruptcy Court
## Central District of California (San Fernando Valley)
## Bankruptcy Petition #: 1:17-bk-11704-VK

|  |  |
|---|---|
| | *Date filed:* 06/28/2017 |
| *Assigned to:* Victoria S. Kaufman | *Date terminated:* 07/25/2017 |
| Chapter 7 | *Debtor dismissed:* 07/17/2017 |
| Voluntary | *341 meeting:* 07/31/2017 |
| No asset | *Deadline for objecting to discharge:* 09/29/2017 |
| | *Deadline for financial mgmt. course:* 09/29/2017 |

*Debtor disposition:* Dismissed for Failure to File
Information

**Debtor**
**Jorge Alberto Romero, II**
7235 Zelzah Ave
Reseda, CA 91335
LOS ANGELES-CA
818-402-5876
SSN / ITIN: xxx-xx-5735

represented by **Jorge Alberto Romero, II**
PRO SE

**Trustee**
**Diane C Weil (TR)**
1900 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
(310) 277-0077

**U.S. Trustee**
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| | [1](#)<br>(11 pgs; 3 docs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $335 Filed by Jorge Alberto Romero II Statement of Intention for Individuals Filing Under Chapter 7 (Form 108) due 7/28/2017. Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 7/12/2017. Schedule A/B: Property (Form 106A/B or 206A/B) due 7/12/2017. Schedule C: The Property You Claim as Exempt (Form 106C) due |

| | | |
|---|---|---|
| 06/28/2017 | | 7/12/2017. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 7/12/2017. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 7/12/2017. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 7/12/2017. Schedule H: Your Codebtors (Form 106H or 206H) due 7/12/2017. Schedule I: Your Income (Form 106I) due 7/12/2017. Schedule J: Your Expenses (Form 106J) due 7/12/2017. Declaration About an Individual Debtors Schedules (Form 106Dec) due 7/12/2017. Statement of Financial Affairs (Form 107 or 207) due 7/12/2017. Chapter 7 Statement of Your Current Monthly Income (Form 122A-1) Due: 7/12/2017. Statement of Exemption from Presumption of Abuse (Form 122A-1Supp) Due: 7/12/2017. Chapter 7 Means Test Calculation (Form 122A-2) Due: 7/12/2017. Cert. of Credit Counseling due by 7/12/2017. Statement of Related Cases (LBR Form F1015-2) due 7/12/2017. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 7/12/2017. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 7/12/2017. Incomplete Filings due by 7/12/2017. (Cetulio, Julie) (Entered: 06/28/2017) |
| 06/28/2017 | 2 (3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 07/31/2017 at 09:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. Objections for Discharge due by 09/29/2017. Cert. of Financial Management due by 09/29/2017 for Debtor and Joint Debtor (if joint case) (Cetulio, Julie) (Entered: 06/28/2017) |
| 06/28/2017 | 3 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Jorge Alberto Romero II . (Cetulio, Julie) (Entered: 06/28/2017) |
| 06/28/2017 | | Receipt of Chapter 7 Filing Fee - $335.00 by 05. Receipt Number 10070439. (admin) (Entered: 06/28/2017) |
| | | Notice of Debtor's Prior Filings for debtor Jorge Alberto Romero, II Case Number 08-16117, Chapter 13 filed in California Central Bankruptcy on |

| | | |
|---|---|---|
| 06/29/2017 | | 08/19/2008 , Dismissed for Failure to File Information on 09/19/2008; Case Number 08-17500, Chapter 7 filed in California Central Bankruptcy on 09/29/2008 , Standard Discharge on 10/05/2009. (Admin) (Entered: 06/29/2017) |
| 06/30/2017 | 4 (4 pgs) | BNC Certificate of Notice (RE: related document(s) 2 Meeting (AutoAssign Chapter 7)) No. of Notices: 4. Notice Date 06/30/2017. (Admin.) (Entered: 06/30/2017) |
| 06/30/2017 | 5 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 7) filed by Debtor Jorge Alberto Romero) No. of Notices: 1. Notice Date 06/30/2017. (Admin.) (Entered: 06/30/2017) |
| 06/30/2017 | 6 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 7) filed by Debtor Jorge Alberto Romero) No. of Notices: 1. Notice Date 06/30/2017. (Admin.) (Entered: 06/30/2017) |
| 07/12/2017 | 7 (47 pgs) | Statement of Related Cases (LBR Form 1015-2.1) , Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J: Your Expenses (Official Form 106J) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Current Monthly Income (Official Form 122A), Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) , Verification of Master Mailing List of Creditors (LBR Form F1007-1) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) Filed by Debtor Jorge Alberto Romero II (RE: related document(s)1 Voluntary Petition (Chapter 7)). (Gasparian, Ana). (Entered: 07/13/2017) |

| | | |
|---|---|---|
| 07/12/2017 | [8](#)<br>(2 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Jorge Alberto Romero II (RE: related document(s)[1](#) Voluntary Petition (Chapter 7)). (Gasparian, Ana) (Entered: 07/13/2017) |
| 07/14/2017 | [9](#)<br>(5 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Jorge Alberto Romero II . (Gasparian, Ana) (Entered: 07/14/2017) |
| 07/14/2017 | [10](#)<br>(1 pg) | Certificate of Credit Counseling Filed by Debtor Jorge Alberto Romero II (RE: related document(s)[1](#) Voluntary Petition (Chapter 7)). (Gasparian, Ana) (Entered: 07/14/2017) |
| 07/17/2017 | [11](#)<br>(1 pg) | Order and Notice of Dismissal for Failure to File Schedules, Statements, and/or Plan - DEBTOR Dismissed (BNC) (Gomez, Andrea) (Entered: 07/17/2017) |
| 07/19/2017 | [12](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s) [11](#) ORDER and notice of dismissal for failure to file schedules, statements, and/or plan (CACB AutoDismiss) (BNC)) No. of Notices: 4. Notice Date 07/19/2017. (Admin.) (Entered: 07/19/2017) |
| | | Chapter 7 Trustee's Report of No Distribution: I, Diane C Weil (TR), having been appointed trustee of the estate of the above-named debtor(s), report that this case was dismissed or converted. I have neither received any property nor paid any monies on account of this estate. I hereby certify that the chapter 7 estate of the above-named debtor(s) has been fully administered through the date of conversion or dismissal. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 0 months. Assets Abandoned (without deducting any secured claims): Not Applicable, Assets Exempt: Not Applicable, Claims Scheduled: Not Applicable, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the |

| | | | |
|---|---|---|---|
| 07/20/2017 | | | value of collateral or debts excepted from discharge): Not Applicable. Filed by Trustee Diane C Weil (TR) (RE: related document(s)2 Meeting of Creditors with 341(a) meeting to be held on 07/31/2017 at 09:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. Objections for Discharge due by 09/29/2017. Cert. of Financial Management due by 09/29/2017 for Debtor and Joint Debtor (if joint case)). (Weil (TR), Diane) (Entered: 07/20/2017) |
| 07/25/2017 | | 13 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Toomer, Rosalind) (Entered: 07/25/2017) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/21/2018 17:23:55 | | | |
| PACER Login: | wadetang:4469305:4170797 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:17-bk-11704-VK Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| Billable Pages: | 3 | Cost: | 0.30 |

# EXHIBIT "O"

DISMISSED, Incomplete, CLOSED

# U.S. Bankruptcy Court
## Central District of California (San Fernando Valley)
## Bankruptcy Petition #: 1:17-bk-11979-VK

|  |  |
|---|---|
| | *Date filed:* 07/25/2017 |
| *Assigned to:* Victoria S. Kaufman | *Date terminated:* 08/23/2017 |
| Chapter 7 | *Debtor dismissed:* 08/14/2017 |
| Voluntary | *341 meeting:* 08/28/2017 |
| No asset | *Deadline for objecting to discharge:* 10/27/2017 |
| | *Deadline for financial mgmt. course:* 10/27/2017 |

*Debtor disposition:* Dismissed for Failure to File
Information

**Debtor**
**Salvador Mosqueda, Jr**                    represented by **Salvador Mosqueda, Jr**
5554 Sedan Ave                                                    PRO SE
Woodland Hills, CA 91367
LOS ANGELES-CA
SSN / ITIN: xxx-xx-5707

**Trustee**
**Diane C Weil (TR)**
1900 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
(310) 277-0077

**U.S. Trustee**
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| | [1](#)<br>(12 pgs; 3 docs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $335 Filed by Salvador Mosqueda Jr Statement of Intention for Individuals Filing Under Chapter 7 (Form 108) due 8/24/2017. Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 8/8/2017. Schedule A/B: Property (Form 106A/B or 206A/B) due 8/8/2017. Schedule C: The Property You Claim as Exempt (Form 106C) due 8/8/2017. Schedule D: Creditors Who Have Claims |

| | | |
|---|---|---|
| 07/25/2017 | | Secured by Property (Form 106D or 206D) due 8/8/2017. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 8/8/2017. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 8/8/2017. Schedule H: Your Codebtors (Form 106H or 206H) due 8/8/2017. Schedule I: Your Income (Form 106I) due 8/8/2017. Schedule J: Your Expenses (Form 106J) due 8/8/2017. Declaration About an Individual Debtors Schedules (Form 106Dec) due 8/8/2017. Statement of Financial Affairs (Form 107 or 207) due 8/8/2017. Chapter 7 Statement of Your Current Monthly Income (Form 122A-1) Due: 8/8/2017. Statement of Exemption from Presumption of Abuse (Form 122A-1Supp) Due: 8/8/2017. Chapter 7 Means Test Calculation (Form 122A-2) Due: 8/8/2017. Cert. of Credit Counseling due by 8/8/2017. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 8/8/2017. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 8/8/2017. Incomplete Filings due by 8/8/2017. (Jarquin, Jacqueline) (Entered: 07/25/2017) |
| 07/25/2017 | 2 (3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 08/28/2017 at 09:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. Objections for Discharge due by 10/27/2017. Cert. of Financial Management due by 10/27/2017 for Debtor and Joint Debtor (if joint case) (Jarquin, Jacqueline) (Entered: 07/25/2017) |
| 07/25/2017 | 3 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Salvador Mosqueda Jr . (Jarquin, Jacqueline) (Entered: 07/25/2017) |
| 07/25/2017 | | Receipt of Chapter 7 Filing Fee - $335.00 by 07. Receipt Number 10070618. (admin) (Entered: 07/25/2017) |
| 07/27/2017 | 4 (4 pgs) | BNC Certificate of Notice (RE: related document(s) 2 Meeting (AutoAssign Chapter 7)) No. of Notices: 3. Notice Date 07/27/2017. (Admin.) (Entered: 07/27/2017) |

| | | |
|---|---|---|
| 07/27/2017 | [5](#) <br> (2 pgs) | BNC Certificate of Notice (RE: related document(s) [1](#) Voluntary Petition (Chapter 7) filed by Debtor Salvador Mosqueda) No. of Notices: 1. Notice Date 07/27/2017. (Admin.) (Entered: 07/27/2017) |
| 07/27/2017 | [6](#) <br> (2 pgs) | BNC Certificate of Notice (RE: related document(s) [1](#) Voluntary Petition (Chapter 7) filed by Debtor Salvador Mosqueda) No. of Notices: 1. Notice Date 07/27/2017. (Admin.) (Entered: 07/27/2017) |
| 08/03/2017 | [7](#) <br> (2 pgs) | Request for courtesy Notice of Electronic Filing (NEF) *AmeriCredit Financial Services, Inc. dba GM Financial* Filed by Youngblood, Mandy. (Youngblood, Mandy) (Entered: 08/03/2017) |
| 08/14/2017 | [8](#) <br> (1 pg) | Order and Notice of Dismissal for Failure to File Schedules, Statements, and/or Plan - DEBTOR Dismissed (BNC) (Fleming, Lachelle) (Entered: 08/14/2017) |
| 08/16/2017 | [9](#) <br> (2 pgs) | BNC Certificate of Notice (RE: related document(s) [8](#) ORDER and notice of dismissal for failure to file schedules, statements, and/or plan (CACB AutoDismiss) (BNC)) No. of Notices: 4. Notice Date 08/16/2017. (Admin.) (Entered: 08/16/2017) |
| | | Chapter 7 Trustee's Report of No Distribution: I, Diane C Weil (TR), having been appointed trustee of the estate of the above-named debtor(s), report that this case was dismissed or converted. I have neither received any property nor paid any monies on account of this estate. I hereby certify that the chapter 7 estate of the above-named debtor(s) has been fully administered through the date of conversion or dismissal. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 0 months. Assets Abandoned (without deducting any secured claims): Not Applicable, Assets Exempt: Not Applicable, Claims Scheduled: Not Applicable, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): Not Applicable. Filed by Trustee Diane C Weil (TR) (RE: related document(s)[2](#) Meeting of |

| | | |
|---|---|---|
| 08/17/2017 | | Creditors with 341(a) meeting to be held on 08/28/2017 at 09:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. Objections for Discharge due by 10/27/2017. Cert. of Financial Management due by 10/27/2017 for Debtor and Joint Debtor (if joint case)). (Weil (TR), Diane) (Entered: 08/17/2017) |
| 08/23/2017 | 10 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Kinsley, Terri) (Entered: 08/23/2017) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/21/2018 16:56:43 | | | |
| **PACER Login:** | wadetang:4469305:4170797 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:17-bk-11979-VK Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |