| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Kristin Zilberstein (SBN: 200041)<br>Jennifer R. Bergh (SBN: 305219)<br>The Law Offices of Michelle Ghidotti<br>1920 Old Tustin Ave.<br>Santa Ana, CA  92705<br>Tel: (949) 427-2010<br>Fax: (949) 427-2732<br>Email: kzilberstein@ghidottilaw.com | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Movant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>Salvador Mosqueda<br><br><br><br><br><br><br><br><br><br>                                             Debtor(s). | CASE NO.: 1:18-bk-11531-MB<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** |
| | DATE:  July 18, 2018<br>TIME:  10:00 a.m.<br>COURTROOM: 303 |

**Movant**: Aran Investments Inc., its successors and assigns

1. **Hearing Location:**

   ☐ 255 East Temple Street, Los Angeles, CA 90012       ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 1                          **F 4001-1.RFS.UD.MOTION**

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 06/25/2018

The Law Offices of Michelle Ghidotti
Printed name of law firm (if applicable)

Kristin Zilberstein, Esq.
Printed name of individual Movant or attorney for Movant

/S/ Kristin Zilberstein, Esq.
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER
## CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
### (Unlawful Detainer)

**1.    Movant is the:**

a.  ☐  Owner of the Property
b.  ☐  Authorized Agent of the owner of the Property
c.  ☒  Other (*specify*):
        Movant sold the Property at a foreclosure sale on June 19, 2018 at 11:30 A.M.

**2.    The Property at Issue (Property):**

Type of Property:  ☒ Residential  ☐ Nonresidential

*Street Address*: 17966 Valley Vista Blvd.
*Unit/Suite Number*:
*City, State, Zip Code*: Los Angeles, CA 91316

**3.    Bankruptcy Case History:**

a.  ☒  A voluntary  ☐ An involuntary    petition under chapter    ☒ 7 ☐ 11 ☐ 12 ☐ 13
        was filed on (*date*): 06/18/2018

b.  ☐  An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13
        was entered on (*date*):

c.  ☐  A plan was confirmed on (*date*):

**4.    Pursuant to 11.U.S.C. § 362(b)(22) and (23) there is no stay because (*check all that apply*):**

a.  ☐  Movant commenced an eviction, unlawful detainer action or similar proceeding against the Debtor involving
        residential property in which the Debtor resides and:

    (1)  ☐  The Debtor has not filed and served on Movant the certification required under 11 U.S.C. § 362(l)(1).

    (2)  ☐  The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become
            due during the 30-day period after the filing of the petition.

    (3)  ☐  The Debtor or adult dependent of the Debtor has not filed and served on Movant the further certification
            required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has
            been cured.

    (4)  ☐  Movant filed and served an objection to the Debtor's certification.  A copy of the objection is attached as
            Exhibit _____.  A hearing on this objection is set for (*date*) _____.

**5.    Grounds for Relief from Stay: (*check all that apply*)**

a.  ☐  Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the bankruptcy petition date, the Debtor had
        no right to continued occupancy of the premises, as follows:

    (1)  ☐  Movant caused a notice to quit to be served on the Debtor.

    (2)  ☐  An unlawful detainer proceeding was commenced on (*date*) _____.

    (3)  ☐  An unlawful detainer judgment was entered on (*date*) _____.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 3                          **F 4001-1.RFS.UD.MOTION**

(4) ☐ Movant acquired title to the Property by foreclosure sale before the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

(5) ☐ Movant acquired title to the Property by foreclosure sale after the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(1) the Debtor's right to possession should be terminated because (*check all that apply*):

   (1) ☒ The lease or other right of occupancy expired by its terms on (*date*) 06/19/2018 .

   (2) ☐ The lease has matured, been rejected or deemed rejected by operation of law on (*date*) _____ .

   (3) ☐ Lease payments have not been made after the filing of the bankruptcy petition.

   (4) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant filed and served upon the Debtor a certification that ☐ such an action was filed or
   ☐ that within the 30 days preceding the certification, the Debtor has endangered the subject Property or illegally allowed the use of controlled substances on the Property. A copy of Movant's certification is attached as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____ .

   (5) ☒ The bankruptcy case was filed in bad faith:

      (A) ☒ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

      (B) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

      (C) ☒ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

      (D) ☒ There was a recent transfer of all or part ownership of, or other interest in the Property without the consent of the Movant or court approval.

c. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

6. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor:

a. ☒ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☒ Other:
   Movant was not notified about the Debtor's interest in the Property until after the foreclosure sale. Debtor alleges that he received an interest in the Property by a document recorded in the County Records on June 20, 2018, after the sale. Furthermore, the notary stamp on the Document that Debtor relies on is invalid as Vardan Grigoryan's notary commission was revoked on May 15, 2016. Additionally, the lien was not disclosed on the schedules filed by the Borrower, Larissa Kirakosian in connection with the Petition No. 18-11359. Schedules were filed in Petition No. 18-11359 on June 13, 2018 and the lien was not listed. Thus Creditor asserts the interest in the Property is not valid and is part of a scheme to hinder Creditor.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 4                                          F 4001-1.RFS.UD.MOTION

7. **Evidence in Support of Motion:** (*Important Note: Declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)

    a.  The UNLAWFUL DETAINER DECLARATION on page 7.

    b.  ☒ Supplemental declaration(s).

    c.  ☒ Other (*specify*):


**Movant requests the following relief.**

1. Relief from stay pursuant to:   ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to obtain possession of the Property.

3. ☒ Confirmation that there is no stay in effect.

4. ☒ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☒ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☒ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this motion:
    ☐ without further notice.
    ☒ upon recording of a copy of the order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☒ Relief from stay is granted under 11 U.S.C. § 362(d)(4), if the order granting this motion is recorded in compliance with state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of such order, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

9. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice.
    ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☒ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 5                                **F 4001-1.RFS.UD.MOTION**

12. ☐  If relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable;

    a.  ☐  Establishment of a deadline for assumption or rejection of the lease.

    b.  ☐  Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

13. ☒  Other relief requested.


Date: 06/25/2018

The Law Offices of Michelle Ghidotti
_____
Print name of law firm (*if applicable*)

Kristin Zilberstein, Esq.
_____
Print name of individual Movant or attorney for Movant (*if applicable*)


/S/ Kristin Zilberstein, Esq.
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# UNLAWFUL DETAINER DECLARATION

I, (*name of declarant*) Kamran Mohammadi _____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property because (*specify*):

   a. ☐ I am the Movant and owner of the Property.

   b. ☐ I manage the Property as the authorized agent for the Movant.

   c. ☐ I am employed by Movant as (*title and capacity*):

   d. ☒ Other (*specify*):
      President of Movant, Aran Investments Inc.

2. a. ☒ I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached):

3. The Property is:

   ☒ Residential   ☐ Nonresidential

   *Street Address*: 17966 Valley Vista Blvd.
   *Unit/Suite Number*:
   *City, State, Zip Code*: Los Angeles, CA 91316

4. Movant is the ☐ legal owner of the Property, or ☒ the owner's legally authorized agent. A true and correct copy of the trustee's deed upon sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit _____. A true and correct copy of the applicable document establishing Movant's authority as agent for the owner is attached as Exhibit A+B+C .

5. The Debtor asserts a possessory interest in the Property based upon:

   (1) ☐ a month-to-month tenancy

   (2) ☐ a lease that is in default

   (3) ☒ after a foreclosure sale that was held on (*date*): 06/19/2018 .

   (4) ☐ other (*specify*):

6. The Debtor failed to pay:

   a. ☐ The monthly rent of $_____ beginning on (*date*): _____.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

b. ☐ Other obligations including:

    (1) ☐ Common area maintenance charges

    (2) ☐ Property taxes

    (3) ☐ Other obligations (*specify*):

7. Procedural status

a. ☐ The lease matured or was rejected on (*date*) _____:

    (1) ☐ by operation of law.

    (2) ☐ by order of the court.

b. ☐ Movant caused a notice to quit to be served upon the Debtor on (*date*) _____, and a true and correct copy is attached as Exhibit _____.

c. ☐ Before the bankruptcy petition was filed:

    (1) ☐ Movant filed a complaint for unlawful detainer against the Debtor on (*date*) _____, and a true and correct copy is attached as Exhibit _____.

    (2) ☐ Trial was held on (*date*) _____.

    (3) ☐ Trial was continued to (*date*) _____.

    (4) ☐ An unlawful detainer judgment against the Debtor was entered on the complaint for unlawful detainer on (*date*) _____, and a true and correct copy is attached as Exhibit _____.

    (5) ☐ A writ of possession for the Property was issued on (*date*) _____, and a true and correct copy is attached as Exhibit _____.

d. After the bankruptcy petition was filed:

    (1) ☐ The Debtor has not filed and served on the Movant the certification required under 11 U.S.C. § 362(I)(1).

    (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

    (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(I)(2) that the entire monetary default that gave rise to the judgment has been cured.

    (4) ☐ The Debtor filed and served on the Movant the certification required under 11 U.S.C. § 362(d)(1).

        (A) ☐ Movant filed and served an objection a copy of which is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

        (B) ☐ Movant has not filed and served an objection.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(5) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that the Debtor has endangered the Property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if filed, is attached as Exhibit ___. A hearing on this objection is set for: _____.

(6) ☐ Regular lease payments have not been made after the bankruptcy petition was filed.

8. ☒ The Debtor does not have an interest in the Property that could be assumed or assigned under 11 U.S.C. § 365.

9. ☒ The Property is not necessary to an effective reorganization because it is:

   a. ☒ Residential, and is not producing income for the Debtor.

   b. ☐ Commercial, but no reorganization is reasonably in prospect.

   c. ☒ No longer property of the estate.

   d. ☒ Other (*specify*):
      The Property was sold at a foreclosure sale on June 19, 2018 at 11:30 AM and is no longer owned by the Debtor. Further, the Property is not Property of the Estate. The stay was terminated at the time of the Sale.

10. ☒ The bankruptcy case was filed in bad faith:

   a. ☒ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☒ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☒ Other (*specify*):
      Debtor did not file Schedules or other required documents. This is Debtor's eighth bankruptcy petition. This Property is not listed on any other Petition.

11. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors that involved:

   a. ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page of facts establishing the scheme.

   b. ☒ Multiple bankruptcy cases affecting the Property include:

     (1) Case name: In Re: Larissa Kirakossian
        Chapter: 13      Case number: 18-10905
        Date filed: 04/13/2018      Date discharged: _____      Date dismissed: 05/25/2018
        Relief from stay regarding the Property ☐ was ☒ was not granted.

     (2) Case name: In re: Salvador Mosqueda
        Chapter: 7      Case number: 1:17-bk-10372-MB
        Date filed: 02/14/2017      Date discharged: _____      Date dismissed: 05/11/2017
        Relief from stay regarding the Property ☐ was ☒ was not granted.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 9                                    F 4001-1.RFS.UD.MOTION

(3) Case name: In Re: Salvador Mosqueda

Chapter: 7       Case number: 1:16-bk-12156-VK

Date filed: 02/27/2016       Date discharged: _____       Date dismissed: 09/19/2016

Relief from stay regarding the Property  ☐ was  ☒ was not  granted.

☒ See attached continuation page for information about other bankruptcy cases affecting the Property.

☒ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

12. ☒ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☒ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☒ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

06/26/2018          Kamran Mohammadi                                    _Xcmron_
Date                       Printed Name                                    Signature

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 10                              F 4001-1.RFS.UD.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1920 Old Tustin Ave.
Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___6/27/2018___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Trustee: Nancy J Zamora (TR), zamora3@aol.com, nzamora@ecf.epiqsystems.com
U.S. Trustee: United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___6/27/2018___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor: Salvador Mosqueda, 5554 Sedan Ave., Woodland Hills, CA 91367 (U.S. Mail)
Judge: Honorable Martin R. Barash, 21041 Burbank Boulevard, Suite 342, Woodland Hills, CA 91367 (U.S. Mail)
Interested Party: Larissa Kirakosian, 17966 Valley Vista, Encino, CA 91316 (U.S. Mail)

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| _6/27/2018_ | _Jeremy Romero_ | _/s/ Jeremy Romero_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Kristin Zilberstein, Esq. (SBN 200041)
Jennifer R. Bergh, Esq. (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA  92705
Tel: (949) 427-2010
Fax:  (949) 427-2732
kzilberstein@ghidottilaw.com

Attorney for Movant
Aran Investments Inc.,
Its successors and assigns

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA- SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re: | CASE NO.:  1:18-bk-11531-MB |
| SALVADOR MOSQUEDA | CHAPTER 13 |
| Debtor. | **DECLARATION OF ANDREA EDMISTON IN SUPPORT OF RELIEF FROM THE AUTOMATIC STAY; OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY** |
| | DATE:  July 18, 2018 |
| | TIME:   10:00 a.m. |
| | CTRM: 303 |
| | Location: 21041 Burbank Blvd. |
| |         Wooland Hills, CA 91367 |
| | Honorable Martin R. Barash |

I, Andrea Edmiston, hereby declare as follows:

1.  I am employed by The Law Offices of Michelle Ghidotti ("**LOMG**") counsel of

record for Aran Investments Inc., ("**Movant**") as the Accounting Manager.  I have personal

1    knowledge of the matters set forth in this declaration and, if called upon to testify, I could and

2    would competently testify hereto.  I am over 18 years of age.

3        2.  During the month of April 2017 I took a Notary Course in which I learned the

4    requirements to become a California Commissioned Notary and the requirements to notarize

5    documents.

6        3.  After completion of the Notary course I passed the Notary Exam and I became a

7    Notary.

8        4.  I received Commission Number: 2196687. .

9        5.  My Commission Number expires on May 12, 2021 and is currently active.

10       6.  On June 25, 2018, I reviewed the Notary completed by Vardan Grigoryan in

11   connection to a Deed of Trust and Assignment of Rents, dated November 1, 2017, and recorded

12   on June 14, 2018.

13       7.  On June 25, 2018, I looked up Vardan Grigoryan on the California Secretary of

14   State website and found that Vardan Grigoryan was not an active Notary.

15       8.  On June 25, 2018, I called the California Secretary of State, and spoke to a

16   woman named Lisa.  Lisa informed me that Vardan Grigoryan's notary commission was

17   revoked on May 15, 2016.

18       9.  Lisa confirmed that Vardan Grigoryan's notary commission was not active or

19   valid on June 14, 2018.

20       I declare under penalty of perjury under the laws of the State of California that the

21   foregoing is true and correct. Executed this 27th day of June, 2018, at Santa Ana, CA.

22

23   Andrea Edmiston,  Declarant

24

2

Kristin Zilberstein, Esq. (SBN 200041)
Jennifer R. Bergh, Esq. (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA  92705
Tel: (949) 427-2010
Fax:  (949) 427-2732
kzilberstein@ghidottilaw.com

Attorney for Movant
Aran Investments Inc.,
Its successors and assigns

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA- SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re:<br><br>SALVADOR MOSQUEDA<br><br>      Debtor. | CASE NO.:  1:18-bk-11531-MB<br><br>CHAPTER 13<br><br>**ARAN INVESTMENTS INC., CONTINUATION PAGE IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY**<br><br>DATE: July 18, 2018<br>TIME: 10:00 a.m.<br>CTRM: 303<br><br>Honorable Martin R. Barash |

COMES NOW, Movant Aran Investments Inc., ("**Movant**") and submits the following in

further support of its' Motion for Relief.

1

# I.

## __INTRODUCTION__

Aran Investments, Inc., submits its Motion for Relief From Stay ("**Motion**") pursuant

to *11 U.S.C. Section 362(d)(1); 11 U.S.C. Section 362(d)(2); and 11 U.S.C. Section 362(d)(4)*

for authority to exercise any and all of its rights and remedies under its loan documents and

applicable law in connection with real property commonly known as 17966 Valley Vista

Blvd., Los Angeles, CA 91316 (the "**Property**").

The Debtor, Salvador Mosqueda (heirinafter collectively, the "**Debtor**") filed a Chapter

7 case on June 18, 2018.  On June 14, 2018 an Assignment of Rent and Deed of Trust was

recorded granting Debtor an interest in the Property.  This is Debtor's Eighth filing and the the

Instant Petition was filed as part of a scheme to delay, hinder and defraud Movant and others.

# II.

## __STATEMENT OF FACTS__

1.   On January 14, 2016, Larissa Kirakossian (the "**Borrower**") executed a Deed of Trust
in favor of Banc of California National Association.  A true and correct copy of said Deed of
Trust is attached hereto as **Exhibit "A"** and is incorporated herein.

2.   Borrower executed a Note in favor of Banc of California National Association (the
"**Note**').  A true and correct copy of the Note is attached hereto as **Exhibit "B"** and is
incorporated herein.

3.   A true and correct copy of the Assignment transferring all beneficial interest in the
Property to Movant is attached hereto as **Exhibit "C".**

4.   On April 13, 2018, Debtor, Larissa Kirakossian, filed a Chapter 13 Petition, Petition
No.: 1:18-bk-10905-MB (the "**First Petition**").

5.   An order was entered on May 25, 2018, dismissing the Chapter 13 Petition for failure
to file all required documents.

6.   Movant's Sale was continued to June 19, 2018.

7.   On May 29, 2018, the Borrower filed a second Bankruptcy Petition, Petition No.: 1:18-

bk-11359-MB (the "**Second Petition**").

8. In connection to the Second Petition the Borrower was informed of the following requirement:

> **IF THE DEBTOR HAS NOT FILED A STATEMENT AND/OR SCHEDULE(S) AND/OR OTHER REQUIRED DOCUMENTS**, the debtor must do so, or obtain an extension of time to do so, within 14 days of the petition filing date. Failure to comply with this requirement, or failure to appear at the initial section 341(a) meeting of creditors and any continuance, may result in dismissal of the case, unless leave of court is first obtained.

9. The Borrower failed to filed Schedules and her Chapter 13 Plan within 14 days of the Petition filing date.

10. The Petition was therefore dismissed on June 18, 2018 and the automatic stay of 11 U.S.C. 362(a) was vacated.

11. On June 19, 2018, Movant sold the Property at a lawful Foreclosure Sale at 11:30 A.M.

12. On June 19, 2018, at 4:33 P.M., Borrower filed a Motion to Vacate the Dismissal Order.

13. On June 22, 2018, at 3:44 P.M., and Order was entered granting Borrower's Motion to Vacate the Dismissal Order and the automatic stay of 11 U.S.C. *Section* 362(a) was reinstated.

14. In connection to the Second Petition Borrower filed Schedule "A", Schedule "D", Schedule "I", and Schedule "J". A true and correct copy of Debtor's Schedule "A", Schedule "D", Schedule "I", and Schedule "J" is attached hereto as **Exhibit "D".**

15. On June 22, 2018, Movant received notice of a Bankruptcy Filing by Salvador Mosqueda ("**Mr. Mosqueda**"), Petition No.: 1:18-bk-11531-MB (the "**Mosqueda Petition**"), an individual previously unknown to Movant to have any connection to the Property.

16. Mr. Mosqueda, informed Movant and provided Movant with a Deed of Trust in which Mr. Mosqueda advised that Borrower further encumbered the Property with a junior lien, in favor of Mr. Mosqueda (the "**Deed**"), signed on November 1, 2017, and recorded on June 14, 2018. A true and correct copy of the Deed is attached hereto as **Exhibit "E".**

17. In connection to the Second Petition, Borrower filed her Schedule "D", Schedule "J" and Schedule "H".

18. Borrower did not list any junior lien in connection to the Property on Borrower's Schedule "D".  Borrower signed her schedules under Penalty of Perjury and declared that she read the summary and schedules filed with the declaration and declared that they were true and correct.

19. Borrower did not disclose a Junior Lien in favor of Mr. Mosqueda under penalty of perjury.  Borrower did not further notify Movant that she further encumbered the Property.

20. Borrower did not list a payment to Mr. Mosqueda or a payment in connection to any other junior lien on Debtor's Schedule "J".  Borrower signed her schedules under Penalty of Perjury and declared that she read the summary and schedules filed with the declaration and declared that they were true and correct.

21. Mr. Mosqueda did not record the Deed until June 14, 2018, just days before the Sale even though BOrrower  purportedly executed the Deed on November 1, 2017.

22.  The Notary who signed the Deed did not have a valid notary commission at the time the Deed was notarized.

23. Vardan Grigoryan's notary commission was revoked on May 15, 2016 pursuant to the California Secretary of State.

24. Borrower provided Movant with the attached paystubs in connection to a Loan Modification Application.  A true and correct copy of the paystubs are attached hereto as **Exhibit "F".**

25. The social security digits on the paystubs end in 6675.  The social security digits on Debtor's First and Second Petition end in 4550.

26. The Vicalini Corporation listed as the company Borrower works for is no longer an active Business.  All calls to Vicalini Corporation went answered.  Vicalini Corporation is listed as suspended on the California Secretary of State Website.  A true and correct copy of the Secretary of State website is attached hereto as **Exhibit "G".**

27. Mr. Mosqueda has filed no less than eight (8) Bankruptcy Petitions since 2008.

   a.  Petition No.: 1:18-bk-11531-MB, filed on June 18, 2018.  As of June 27, 2018 no Schedules have been filed.  A true and correct copy of the Docket is attached hereto as **Exhibit "H**" and incorporated herein.

4

b.   Petition No.: 1:17-bk-10372-MB, filed on February 14, 2017 dismissed for abuse on April 10, 2017.  A true and correct copy of the Docket is attached hereto as **Exhibit "I"** and incorporated herein.

c.   Petition No.: 1:16-bk-12156-VK, filed on July 27, 2016, and dismissed on September 19, 2016 for Abuse. A true and correct copy of the Docket is attached hereto as **Exhibit "J"** and incorporated herein.

d.   Petition No.: 1:15-bk-12287-VK, filed on July 2, 2015, and dismissed on July 22, 2015 for failure to file the required documents. A true and correct copy of the Docket is attached hereto as **Exhibit "K"** and incorporated herein.

e.   Petition No.: 1:14-bk-15171-VK, filed on November 17, 2014, and dismissed on December 26, 2014 with a 180 day bar for refiling.  A true and correct copy of the Docket is attached hereto as **Exhibit "L"** and incorporated herein.

f.   Petition No.: 1:14-bk-14557-MT, filed on October 6, 2014, and dismissed on October 24, 2014 with a 180 day bar for refiling. A true and correct copy of the Docket is attached hereto as **Exhibit "M"** and incorporated herein.

g.   Petition No.: 1:10-bk-13335-AA, filed on March 24, 2010, and discharged on April 15, 2011. A true and correct copy of the Docket is attached hereto as **Exhibit "N"** and incorporated herein.

h.   Petition No.: 1:08-bk-17907-KT, filed on  October 10, 2008, and dismissed on December 7, 2009, for failure to make Plan Payments.  A true and correct copy of the Docket is attached hereto as **Exhibit "O"** and incorporated herein.

28. Borrower and Mr. Mosqueda are engaged in a large scheme and substantial abuse of the Bankruptcy Process.

29. As of the date of filing Mr. Mosqueda has not filed his Schedules or other required documents.

30. Mr. Mosqueda does not list the Property on the documents that he has filed in connection to this Petition.

/ / /

## DISCUSSION

### A. RELIEF IS WARRANTED UNDER 11 U.S.C. §362(D)(4)

Pursuant to 11 U.S.C. §362(d)(4), Mr. Mosqueda's filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involves multiple bankruptcy filings. More specifically, Mr. Mosqueda has filed eight prior bankruptcy cases.

Generally, pursuant to 11 U.S.C. §362(d)(4), relief is appropriate when Debtor's filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involves multiple bankruptcy filings. To determine whether a bankruptcy case has been filed in bad faith, the standards are the same whether the case is a Chapter 7, Chapter 11, or Chapter 13. *In re Mitchell*, 357 B.R. 142, 153-154. Those standards are:

> "(1) whether the debtor has a likelihood of sufficient future income to fund a Chapter 11, 12, or 13 plan which would pay a substantial portion of the unsecured claims; (2) whether the debtor's petition was filed as a consequence of illness, disability, unemployment, or some other calamity; (3) whether the schedules suggest the debtor obtained cash advancements and consumer goods on credit exceeding his or her ability to repay them; (4) whether the debtor's proposed family budget is excessive or extravagant; (5) whether the debtor's statement of income and expenses is misrepresentative of the debtor's financial condition; (6) whether the debtor has engaged in eve-of-bankruptcy purchases; (7) whether the debtor has a history of bankruptcy petition filings and case dismissals; (8) whether the debtor intended to invoke the automatic stay for improper purposes, such as for the sole objective of defeating state court litigation; and (9) whether egregious behavior is present. See *Price*, 353 F.3d at 1139-1140; *Leavitt*, 171 F.3d at 1224; *Marshall*, 298 B.R. at 681.

*Mitchell* at 156. Additionally, If "it smells like bad faith, it's got to be bad faith." See *In re Better Care, Ltd.* (Bankr. N.D. Ill. 1989) 97 BR 405, 409. If "it smells like bad faith, it's got to be bad faith." See *In re Better Care, Ltd.* (Bankr. N.D. Ill. 1989) 97 BR 405, 409.

This case was filed in bad faith in that it was filed on the eve of foreclosure relying on a heavily suspicious Deed. The case was filed the same day that the Borrower's Second Petition was dismissed and just four (4) days after the Deed was recorded in the Recorders Office. Debtor has a history of abusive filings dating back many years. Debtor has still not filed Schedules or other required documents.

Mr. Mosqueda has filed eight (8) prior bankruptcy Petitions and has been barred pursuant to Section 109(g) of the Bankruptcy Code, twice for abusing the Bankruptcy System. Furthermore, two of his prior Petitions were dismissed for "Abuse." One of his prior petitions was dismissed for failing to file all required documents. In his current Petition he has not filed Schedules or other required documents. Only one of Debtor's eight prior filings has resulted in a discharge. Here, Mr. Mosqueda and Debtor are involved in a scheme to delay, hinder, and defraud creditors.

Debtor asserts an interest in the Property on the basis that the Borrower executed an Assignment of Rents and Deed of Trust in favor of Mr. Mosqueda in November of 2017, and recorded the Deed on June 14, 2018. Mr. Mosqueda and the Borrower used a Notary that did not hold a valid notary commission. Vardan Grigoryan's notary commission was revoked on May 15, 2016 pursuant to the California Secretary of State. Furthermore, the Deed does not comply with other California requirements for documents transferring an interest in Real Property. The Deed does not include a legal description, or APN, it simply contains the Property address. This fact makes it unlikely that the document was in fact recorded.

The Deed transferring an interest in the Property to Ms. Mosqueda demonstrates that both his and the Borrower's prior Petitions were filed in bad faith. Furthermore, the Deed appears to have been fraudulently notarized, and the date the document was signed does not correspond to the date the document was recorded, another indication that this case was filed in bad faith. The Deed was likely executed just days before the Sale and was back dated to appear as though the document was completed in November of 2017. Regardless, the Deed is not valid as a result of the missing APN, legal description, and notary issues.

The Borrower admits that the Deed is not valid by failing to disclose the Claim on her Schedule "D" filed in connection to her First Petition or a payment under the Claim on Schedule "J" filed in connection to her First Petition. Borrower lists only one claim in favor of Aran Investments, Inc.. Borrower signed her Schedules indicating that she read and confirmed each statement under penalty of perjury. In fact, Borrower prepared her Schedules herself.

7

The admissions that Borrower made in its filings are binding judicial admissions that Aurora has standing.  *See* In re Rolland, 317 B.R. 402, 403.  Furthermore, she did not notify Mr. Mosqueda of the Bankruptcy filing  or list him as a Creditor that was served in connection to her First of Second Petition (both filed after the Deed is said to have been executed).  The document appears to be executed in bad faith in an effort to allow Mr. Mosqueda to file a Bankruptcy Petition to attempt to stop the foreclosure Sale becase The Borrower's Petition was dismissed too soon to prevent the Sale.

Here, Borrower and Mr. Mosqueda are involved in a scheme to cheme to delay, hinder, and defraud creditors for the benefit of Borrower and Mr. Mosqueda.

## B.  RELIEF FROM STAY SHOULD BE GRANTED UNDER 11 U.S.C. SECTION 362(D)(2) BECAUSE THERE IS NO EQUITY IN THE PROPERTY.

Pursuant to 11 U.S.C. *Section* 362(d)(2)(A) neither the Borrower or this Debtor does has any equity in the Property and Pursuant to 11 U.S.C. *Section* 362(d)(2)(B), the Property is not necessary to an effective reorganization because Debtor filed a Chapter 7 Petition.  As stated above, pursuant to a valid foreclosure sale, neither the Borrower or the Debtor own the Property.  Furthermore, the Property is not Property of the estate as the Property was sold while the case was dismissed.  Therefore, pursuant to 11 U.S.C. *Section* 362(d) the Stay should be terminated immediately.

## C.  GROUNDS FOR ANNULMENT OF THE STAY

The determination of whether causes exists to grant retroactive relief from the automatic stay requires a case by case analysis, with no particular factors being dispositive. *In re Nat'l Enctl. Waste Corp.*,129 F.3d 1052, 1055 (9th Cir. 1997). See also, *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)* 912 F. 2d 1162, 1166 (9th Cir. 1990) ("cause has no clear definition and is determined on a case by case basis").  The bankruptcy court may also balance the equities in the case based on the totality of the circumstance.

8

*Nat'l Envtl.*, supra, 129 F.3d at 1055. Further, where not annulling the stay would either lead to nonsensical results or impose unwarranted hardship on creditors, annulment of the stay is appropriate. *Kissinger*, supra, 72 F.3d at 109.

Based on the totality of these circumstances, the balancing of the equities in granting Movant's request to annul tips sharply in the Movant's favor.  This is Debtor's eighth bankruptcy petition filed.  Debtor has been barred from filing bankruptcy petitions by 109(g) on two occasions.  Debtor has further had two petitions dismissed for abuse.  Debtor had his prior Petition dismissed for failure to file information and has only had one successful bankrupty petition which was filed in 2010.

Debtor does not list the Property on his Petition and did not notify Movant of the Petition.  Debtor only acquired an interest in the Property shortly before the Sale, right about the Borrower's Petition was dismissed.  Debtor's Deed that transferred an interst in the Property to him was not valid pursuant to California law because there is not a valid legal description, APN, or valid notary.  Furthermore, the date of the Deed, the recording date, and the fraudulent notary stamp seriously call  into question the date the Deed was signed and executed.  Additionally, the Borrower did not disclose the Deed on her First or Second Petition on Schedule "D" and did not list a payment to Debtor on her Schedule "J."  All of these facts call the Deed into question and demonstrated that the Deed was prepare fraudulently, invalidly, and for the wrongful purpose of merely delaying the Sale of the Property.  Additionally, if Borrower was given a loan for $90,000.00 which is the basis for this Deed of Trust, where are the funds and what were they used for?  She provided paystubs and bank statements to Movant showing $60,908.52 in savings in October of 2017, and provides for a balance of $53,200.37 in her Chase account.

9

Movant has shown extensive bad faith by the Debtor and Borrower in connection to the Instant

Petition and the Petitions filed by the Borrower.  Movant is entitled to relief as a result of the

bad faith demonstrated here by Mr. Mosqueda's abuse of the bankruptcy system and the

Borrower's bad faith.  Therefore, the Court should grant Movant's request to grant retroactive

relief from the automatic stay because annulment of the stay is appropriate where Movant's

conduct was done without knowledge of the stay and where the Debtror has demonstrated

extreme bad faith.

## IV.

## <u>CONCLUSION</u>

Based on the foregoing, Movant requests that the Court grant the Motion authorizing

Movant to exercise its rights and remedies under applicable law respect to the Property; that

this Court enter an order annulling the automatic stay herein as of the date and time of the

commencement of this bankruptcy case; that Movant be awarded its attorney's fees and costs

and that the Court waive the 14 day stay pursuant to Bankruptcy Rule 4001(a) (3);  that the

court confirm that no stay was in effect at the time of the sale,  and for such other and further

relief as the Court deems just and proper.


Dated: June 27, 2018              LAW OFFICES OF MICHELLE GHIDOTTI


                                  <u>/s/ Kristin Zilberstein, Esq.        </u>
                                  Kristin Zilberstein, Esq.
                                  Attorney for Movant, Aran Investments Inc.

MOTION FOR RELIEF FROM THE AUTOMATIC STAY